[No. 13773.   Department One. — December 12, 1891.]

J. H. BAIRD, RESPONDENT, v. W. J. PEALL, APPELLANT.

MECHANIC'S LIEN — PAINTER OF BUILDING — ORIGINAL CONTRACTOR — PRICE PAYABLE PARTLY IN LAND — CONSTRUCTION OF CODE. — A painter who contracts with the owner to paint a building and furnish the necessary materials therefor is an original contractor, within the meaning of sections 1184, 1187, and 1194 of the Code of Civil Procedure; and the fact that his contract provides for payment of part of the contract price in land does not render the contract void, under the provision of section 1184, that as to all liens, other than that of the contractor, the whole price shall be payable in money.

NEW TRIAL — BILL OF EXCEPTIONS — SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE — FORM OF SPECIFICATION. — Each distinct proposition involved in a finding excepted to on the ground that it is not justified by the evidence should be separately specified in the bill of exceptions, and no statement of the evidence, nor any deduction therefrom by way of argument, is proper in connection with the specification. What "the evidence shows" should not be argued or considered until the hearing of the motion.

ID. — APPEAL — REVIEW OF ORDER DENYING NEW TRIAL. — Where the findings of fact in favor of the plaintiff upon all the issues support the judgment, and no particular in which any one of them is not justified by the evidence is specified in the bill of exceptions upon which the motion for a new trial was made, the order denying a new trial will be affirmed.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. C. Kennedy*, for Appellant.

*W. B. Hardy*, for Respondent.

VANCLIEF, C. — Action to foreclose a mechanic's lien for the sum of $150, alleged to be the balance due on a contract for painting. The following is a copy of the written contract as admitted by the pleadings:—

"SAN JOSE, Dec. 19, 1888.

"Contract and agreement made this day between W. J. Peall and J. H. Baird, whereby J. H. Baird, a painter and contractor, agrees to paint a certain frame hotel, known as the Continental Hotel, of forty (40) rooms, located in the town of Bethlehem, Santa Clara County, California; the same to be two-coat work of lead and oil or rubber preparation, to suit the owner, W. J. Peall; the shingles above cornice to be painted in different color from main part of building, for the consideration of three hundred and ninety ($390) dollars, but in case of party-colors, an additional twenty ($20) dollars will be allowed to said J. H. Baird. This contract does not include the tin roof. Said J. H. Baird does hereby agree to accept as a part payment a certain contract of certain lots of land situated in the city of San José, or the town of Bethlehem, to the amount of $150, the balance of the contract price to be paid in the following manner, to wit: one hundred dollars upon the completion of priming said hotel outside, fifty dollars more when outside is second-coated, and the balance when the building is completed inside and out.

"The work to be completed as speedily as possible. We, and each of us, agree to this contract and agreement.

"W. J. PEALL.

. "J. H. BAIRD."

"Interior of said building to have two coats of paint and oil, cresting over cornice not included. PEALL."

The judgment was in favor of plaintiff, enforcing the alleged lien for the balance claimed.

The defendant appeals from the judgment, and from an order denying his motion for a new trial.

Appellant contends that the contract is void because the whole price is not payable in money, and, in support

of this point, cites the following provisions in section 1184 of the Code of Civil Procedure: "As to all liens, except that of the contractor, the whole contract price shall be payable in money, and shall not be diminished by any prior or subsequent indebtedness, offset, or counterclaim in favor of the owner and against the contractor. . . . . All such contract and alterations thereof as do not conform substantially to the provisions of this section shall be wholly void, and no recovery shall be had thereon by either party thereto."

I think the plaintiff was an original contractor, within the meaning of sections 1184, 1187, and 1194 of the Code of Civil Procedure, and therefore within the exception expressed in the above quotation from section 1184. (*La Grill* v. *Mallard*, 90 Cal. 373.) His contract was to paint the hotel, and, of course, to furnish the necessary materials for that purpose. The cases of *Sparks* v. *Butte County Gravel M. Co.*, 55 Cal. 389, and *Schwartz* v. *Knight*, 74 Cal. 432, cited by appellant, are not in point, as in those cases liens were claimed simply for materials furnished. Had the plaintiff contracted to do the work in consideration that defendant should convey to him certain land or personal property, without fixing the money price or value of the work, perhaps he would not have been entitled to a lien; but the money price of the whole work is fixed by the contract, though a specified portion of that price ($150) is to be paid in land. Upon a breach of the agreement to pay $150 in land, the damages would be liquidated and certain, and precisely the same as they would be in case of the breach of an agreement to pay so much money. The exception in favor of the contractor, in the provision of the code above quoted, indicates, if it does not imply, that he may contract and have a lien for the value of his work payable otherwise than in money; and this is in perfect accord with section 1183, which provides that he shall have a lien for the value of the labor done and materials furnished. In other states, under statutes not substantially different from our code in this respect,

mechanics' liens for the contract price of labor and materials payable in property have been enforced, and I have found no case to the contrary. (Phillips on Mechanics' Liens, sec. 129, and authorities there cited.)

Other points are made by appellant; but in view of the pleadings and findings by the court, none of them requires special consideration. The contract and the performance thereof on the part of the plaintiff are admitted by the pleadings. The findings of fact in favor of the plaintiff on all the issues support the judgment, and no particular in which any one of them is not justified by the evidence is specified in the bill of exceptions upon which the motion for new trial was made.

The following are the only attempted specifications of insufficiency of the evidence: "1. The evidence shows that the contract in writing is void, and the plaintiff waived his right to a lien because the sum was not payable wholly in money, and finding 3 is contrary to the evidence; 2. That the evidence shows that on the 15th of May, 1889, at the time of commencement of this suit, plaintiff had no claim against defendant, but that D. Rinaldo was the owner thereof, and therefore finding 3 is against the evidence; 3. That by assigning said claim to Rinaldo, plaintiff lost any claim of lien he might have had, and waived it, and therefore finding 4 is against the evidence."

There is no finding numbered 4, and that part of the findings numbered 3 contains at least three distinct propositions of fact, as follows: "3. That the total contract price of said labor and materials was the sum of $410, of which amount $260 has been paid, leaving a balance of $150 still due and owing. No part of said balance of $150, still owing plaintiff by defendant, is to be paid otherwise than in money; and the allegation in the answer of defendant that plaintiff is to receive as part payment for said work and materials a conveyance of any lot, tract, or parcel of land is untrue."

There is no specification in the bill of exceptions that any one of these propositions is not justified by the evi-

dence, as required by section 648 of the Code of Civil Procedure. Each distinct proposition excepted to on the ground that it is not justified by the evidence should be separately specified; and no statement of the evidence, nor deduction therefrom by way of argument, is proper in connection with the specification. What "the evidence shows" should not be argued or considered until the hearing of the motion.

I think the judgment and order should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.