[No. 14490. In Bank. — March 28, 1892.]

SAN GABRIEL WINE COMPANY, RESPONDENT, *v.*
WILLIAM BEHLOW ET AL., APPELLANTS.

PRACTICE — SPECIAL FINDING OF DAMAGES — SPECIFICATION OF PARTICULARS — COVENANT AGAINST ENCUMBRANCES. — On an issue as to the amount of damages sustained by the grantees in a deed for a breach of covenant against encumbrances, a special finding by the jury that no damages were sustained by reason of the prior encumbrance will not be reviewed on appeal, in the absence of a specification of particulars in which the evidence is insufficient to justify that finding.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial.

The facts are stated in the opinion of the court.

*Chapman & Hendrick,* for Appellants.

*Gottschalk & Luckel,* for Respondent.

SHARPSTEIN, J. — This appeal is from the order of the court denying the motion of appellants for a new trial as to their counterclaim in an action brought by plaintiff to recover five hundred dollars, alleged to be a balance due plaintiff from defendants for purchase-money of a block of land in Ramona. The counter-claim is for a breach of covenant in the conveyance against encumbrances, the alleged encumbrance consisting of a prior conveyance by respondent of a right of way over said block to the San Gabriel Valley Rapid Transit Railway, a corporation. Defendants alleged that they were thereby damaged three thousand dollars, for which they demanded judgment against plaintiff.

Among the special issues submitted to the jury was the following: " Q. What is the amount of damage to said block from the existence of said railroad? A. No damage."

There is sufficient evidence to justify this finding, and appellants, in their specification of particulars in which the evidence is insufficient to justify the special findings or verdict of the jury, do not specify wherein the evidence is insufficient to justify that finding. None of the alleged errors of law occurring at the trial could have influenced the jury in the least in reaching the conclusion that the block of land through which said right of way had been granted was not damaged thereby. We therefore omit the discussion of such alleged errors as could not have affected the substantial rights of appellants.

If they sustained no damage, they were not entitled to recover any, and the order must be affirmed.

Order affirmed.

PATERSON, J., HARRISON, J., MCFARLAND, J., DE HAVEN, J., and GAROUTTE, J., concurred.

Rehearing denied.