## Pierce *v.* Marple et al., Appellants.

[Marked to be reported.]

*Mechanics' lien—Agreement to accept payment in materials.*

A mechanic who furnishes work in the erection of a building is not to be deprived of his right to file a lien for the same, because his contract provided that he should accept payment in kind.

Under such circumstances the plaintiff would have no right to demand pay in money, without first showing that the defendant had refused to comply with the terms of the contract by furnishing the materials contracted for on demand.

*Special verdict—Practice.*

If such were the contract between the parties, such facts should be found specially by the jury and incorporated in the verdict.

The court would then be able to control the execution, and if the defendants should refuse to pay in accordance with the terms of the contract, could permit an execution to issue for its equivalent in money.

Argued Feb. 2, 1892. Appeal, No. 31, July T., 1891, by defendants, Kate Marple et al., from judgment of C. P. Montgomery Co., March T., 1890, No. 11, on verdict for plaintiffs, James Pierce et al. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mechanics' lien.

The facts appear by the opinion of the Supreme Court.

On the trial before WEAND, J., plaintiff being on the stand, " counsel for defendant states that they want to prove by this witness that, as he has testified, a verbal contract was made, and to ask whether he did not enter into a contract to build this house, to be paid for in lime by the defendant, to be followed up by showing that that was the contract, and that they (the defendants) have always been ready to carry out that contract."

Objected to, objections sustained and exception. [1]

The court charged, among other things, as follows: " In this case something has been said about the terms of the contract with reference to the manner in which the plaintiffs were to be paid; that is, in lime. For the purpose of this case, the court charges you that you are to dismiss that from your minds and even although that should have been the contract, still of itself it would furnish no defence in this case and you will therefore disregard it in the consideration of this case." [4]

Verdict for plaintiff $1,030.26 and judgment thereon. Defendants appealed.

*Errors assigned* were, (1) refusal of the offer of defendants; (4) the portion of the charge referred to, quoting it.

*George M. Corson,* for appellants.—The only point I raise here is the fact that the judge in his rulings and his charge decided that the jury had no right to consider any question about payment in lime. This was error, for it effectually nullified the contract if there was one, as our witnesses would testify.

Scire facias is not a writ to revive and continue the lien, but is in the usual form for the collection of the debt. It is proper for us to make our defence in answer to it.

*James B. Holland, John M. Dettra* with him, for appellees.— If the contract was as alleged by the defendant, it should have been pleaded in abatement and not in bar. The defendant saw fit to plead in bar, thereby waiving any advantage she might have had as to the mode of payment. They could not join a plea in abatement with one in bar: Lindsley v. Malone, 23 Pa. 24; Reimer v. Phila., 5 W. N. 449; nor can they plead

in abatement after pleading in bar: Green v. North Buffalo, 56 Pa. 110. The evidence they offered was founded on matter in abatement, and was properly ruled out.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

This was a scire facias sur mechanics' lien. The claim was for the carpenter work, etc., of a frame house which had been constructed upon defendants' land. The defendants did not deny that the work was done, but they contended that the plaintiffs were not entitled to file this lien, and to have judgment upon the scire facias, for the reason that they had agreed to take their pay in lime. It is manifest the plaintiffs were entitled to have the benefit of the lien, and the judgment upon the scire facias, whether they were to be paid in lime or in dollars. The character of the judgment, and the manner in which it should be enforced, would necessarily depend upon the contract.

Upon the trial below, counsel for defendants offered to prove by a witness on the stand, that the plaintiffs entered into a contract to build this house and take their pay in lime, to be followed up by showing that the defendants have always been ready to carry out the contract. See first specification.

And in the fourth specification it is alleged that the court erred in charging the jury as follows: " In this case something has been said about the terms of the contract, with reference to the manner in which the plaintiffs were to be paid; that is the lime. For the purpose of this case, the court charges you that you are to dismiss that from your minds, and even although that should have been the contract, still, of itself, it would furnish no defence in this case, and you will therefore disregard it in the consideration of this case."

The effect of the exclusion of this evidence, and the charge of the court, was a verdict for the plaintiffs, which, upon its face, is payable in money. We must assume, for the purpose of this case, that the defendants could have proved a contract by which the plaintiffs were to take their pay in lime. Under such circumstances, the plaintiffs would have no right to demand their pay in money, without first showing that the defendants had refused to furnish lime when called for. Such refusal would, of course, entitle the plaintiffs to be paid in

money. The verdict and judgment in the court below should have been in such shape that the court could have retained control over it, and, under its equitable powers, do justice to the parties. As the matter now stands, it would be difficult to go behind the judgment to reach the equity between the parties. We are of opinion that the evidence referred to should have been received, and if the jury found the fact that the plaintiffs were to take their pay in lime, such fact should have been found specially, and incorporated into the verdict. The court would then have been enabled to control the execution, and if the defendants should refuse to pay in lime, could permit the execution to go for money.

The judgment is reversed, and a venire facias de novo awarded.