[No. 19098.  Department One. — January 14, 1893.]

K. H. SCHMID, APPELLANT, v. W. BUSCH ET AL., RESPONDENTS.

MECHANIC'S LIEN — CONTRACT PAYABLE IN LAND — ADMISSIONS OF PLEAD-INGS — NONSUIT. — In an action to foreclose a laborer's lien for $163, where the complaint alleged that the owner of the land entered into a contract with a contractor to repair a building thereon, and that at the date of the completion of the work under the contract there remained due the contractor from the owner a sum of money more than sufficient to pay the amount due the plaintiff for work done by him for the contractor in repairing the building, and the plaintiff proved the labor performed by him, and the amount and value thereof as averred, and the answer of the owner set up a written contract substantially the same as that alleged in the complaint, except that it provided that the work was to be paid for by a conveyance of land, and alleged that the contractor agreed that the land should not be conveyed to him until he paid the owner twenty-five dollars borrowed money, but admitted that the value of the work to be performed by the contractor was four hundred dollars, and that that sum, less the twenty-five dollars, had not been paid, by a transfer of the land, or otherwise, the plaintiff is entitled to rely upon the admission of the answer; and a denial in the answer that any sum was due the contractor upon the completion of the work, pursuant to the contract or otherwise, must be treated as a denial only that any sum was due under the contract; and the failure of the plaintiff to offer evidence as to the terms of the contract between the owner and contractor, or that there was any contract between them, does not enti-tle the owner to a nonsuit.

ID. — LIEN UNDER CONTRACT PAYABLE OTHERWISE THAN IN MONEY. — A laborer is entitled, under sections 1183, 1184, and 1201 of the Code of Civil Procedure, to foreclose a lien for work done for the contractor, although the contract price is less than one thousand dollars, and is made payable in something other than money, where it has not in fact been paid when the claim of lien is filed and the action commenced.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*John R. Aitken,* and *A. D. Jordan,* for Appellant.

*L. L. Boone,* and *C. F. Humes,* for Respondents.

BELCHER, C. — This is an action to recover from the defendant Busch the value of certain work and labor, and to foreclose a laborer's lien for the same upon the property of defendant Boone.

It is alleged in the complaint that at all the times named therein the defendant Boone was the owner and reputed owner of a described lot of land in the city of San Diego, with a frame dwelling-house thereon; that on a day named, he entered into a contract with the defendant Busch, under and by which Busch was to furnish certain work, labor, and material to be used in the repair of the said dwelling-house; that the contract was for less than one thousand dollars, to wit, about eight hundred dollars, and was never recorded in the office of the recorder of San Diego County; that Busch commenced the work of repairing the said house about the 1st of May, 1891, and fully completed the same, under and according to the terms of his contract, on the sixth day of July, 1891, and "that there remains due and unpaid from said defendant B. F. Boone to said defendant W. Busch upon and for the repair of said dwelling-house, under said contract, the sum of not less than two hundred dollars, which said sum became due and payable on the sixth day of July, 1891"; that under a contract with Busch, plaintiff agreed to do and perform work and labor for him in repairing the said house, and under and pursuant to the contract, he did perform such work and labor for forty and one half days; that Busch agreed to pay plaintiff the reasonable value of his services on demand, as soon as the said repairs were complete, and that the reasonable value thereof was $5 per day, and the total value $202.50; that plaintiff had often demanded payment of the amount due him, but had received only $39.50, leaving still due him and unpaid on

account of his work and labor, after deducting all just credits and offsets, the sum of $163.

The complaint then sets out the execution and filing for record by the plaintiff of a proper claim of lien upon the house and lot of defendant Boone.

Busch failed to answer, and his default was entered. Boone answered and set up a written contract made between himself and Busch, whereby the latter agreed to do certain work in repairing his house, and in consideration of said work he agreed to convey to Busch certain lands situate in the county of San Diego. He then denied that all the work and materials were of the value of eight hundred dollars, or of any greater value than four hundred dollars, and alleged that all the work and labor done and all the materials furnished by Busch in and upon said house, during the period covered by plaintiff's complaint, were done and furnished under the contract above set out; denied that any sum was due from him to Busch on the sixth day of July, 1891, or at any other time, or at all, pursuant to said contract, or otherwise; alleged that on the nineteenth day of June, 1891, he loaned to Busch the sum of twenty-five dollars, and that Busch then made a written agreement, which was attached to the contract before set out, and by which he agreed to repay the sum loaned, with interest at the rate of one per cent per month, and also agreed that the lands described in the attached contract might be held by Boone as security for said sum, and the latter should be under no obligation to convey the same until said sum should be paid; and further, that the said sum had not been paid, nor any part thereof.

At the trial the plaintiff proved that he performed labor on the house of Boone under a contract with Busch, and the amount and value thereof as stated in his complaint, but he offered no evidence as to the terms of the contract between the owner and contractor, or that there was any contract between them. He then rested his case, and the defendant moved for a nonsuit, on the ground "that there has been no evidence to show,

or tending to show, that there ever was, at any time, either at the time alleged in the complaint or any other time, anything due under any contract, or otherwise, from the owner of this building to the contractor Busch."

The court took the motion under advisement for a time, and subsequently granted it, and from the judgment thereupon entered, the plaintiff appeals.

In support of the judgment, it is claimed by respondent, that to entitle the plaintiff to the relief demanded, it was necessary for him to prove that a contract, substantially the same as that stated in the complaint, was entered into between the owner and contractor, and that a sum of money remained due thereunder from the former to the latter sufficient to meet the plaintiff's demand; and that no such proof having been made, the nonsuit was properly granted.

The answer does not deny that a valid contract was entered into between the parties for the work in question, but, on the contrary, it sets up a written contract, which is not materially different from the one stated in the complaint, except that the work was to be paid for by conveyance of land. The answer also, in effect, admitted that the value of the work to be performed was four hundred dollars, and that that sum, less twenty-five dollars, had not been paid, by a transfer of the land, or otherwise. The denial, therefore, "that any sum was due from him to said Busch on the sixth day of July, 1891, or at any other time, or at all, pursuant to said contract or otherwise," must be treated as a denial only that any sum of money was due under the contract. Under these circumstances, we think the plaintiff could rest upon the contract set up and the admissions made by the defendant, and if, under them, he was entitled to any relief, then the court erred in granting the nonsuit.

It is further claimed by respondent that the plaintiff had no lien, and was not entitled to any relief, as against him, because the contract price of the work to be done by the contractor was less than one thousand dollars,

and was payable in property other than money; and this seems to have been the view taken by the court below.

Section 1183 of the Code of Civil Procedure provides that "all persons and laborers of every class, performing labor upon or furnishing materials to be used in" the construction, alteration, or repair of any building, "shall have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such labor done and materials furnished." Section 1184 provides that "as to all liens, except that of the contractor, the whole contract price shall be payable in money." And section 1201 provides that "it shall not be competent for the owner and contractor, or either of them, by any term of their contract, or otherwise, to waive, affect, or impair the claims and liens of other persons, whether with or without notice, except by their written consent, and any term of the contract to that effect shall be null and void."

Respondent contends that sections 1183 and 1184, above cited, relate only to cases where the contract price exceeds one thousand dollars, and hence that they do not in any way sustain and justify the claim of appellant. And in support of this position *Sidlinger* v. *Kerkow*, 82 Cal. 42, and *Kerckhoff-Cuzner M. & L. Co.* v. *Cummings*, 86 Cal. 22, are cited.

After carefully reading the opinions in the cases referred to, we fail to see how they can be said to sustain respondent's contention. It is true that the sections named were commented upon and construed with reference to the questions there involved, but those questions were entirely different from the one presented here.

Contractors' and laborers' liens have many times been foreclosed when the contract price was less than one thousand dollars, and in such a case, under the sections of the code above cited, the laborer, in our opinion, may enforce a lien, notwithstanding the contract price was to be paid in something other than money, it not hav-

ing been in fact paid when the claim of lien was filed and the action commenced.

It follows that the nonsuit was improperly granted, and that the judgment should be reversed, and the cause remanded for a new trial.

Vanclief, C., and Foote, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.

Harrison, J., Paterson, J., Garoutte, J.

Hearing in Bank denied.