H. L. STERLING, APPELLANT *v.* E. H. PARSONS, RESPONDENT.

NEW TRIAL.—STATEMENT.—SPECIFICATION OF ERRORS.—When the statement on motion for new trial contains no specification of errors complained of, it is error to grant a new trial, even though the notice of motion does contain a specification of errors, see *Stevens* v. *Higginbotham*, 6 Utah 215.

APPEAL from an order granting a new trial of the district court of the third district, Hon. Charles S. Zane, judge.  The opinion states the facts except that the question ruled upon was raised for the first time in the appellate court, and that the notice of motion did contain a specification of a large number of errors besides insufficiency of the evidence.

*Mr. Samuel H. Lewis* and *Mr. C. Ira Krebs*, for the appellant.

The statement should have been disregarded and it was error to grant a new trial thereon.  *Benites* v. *Hampton*, 123 U. S. 519; *Wing* v. *Owen*, 9 Cal. 247; *Barrett* v. *Tewksbury*, 15, Cal. 356; *Walls* v. *Preston*, 25 Cal. 61;

6

*Hutton* v. *Reed,* 25 Cal. 487; *Burnett* v. *Pacheco,* 27 Cal. 408; *Levi* v. *Seterson,* 27 Cal. 688; *Zenith* v. *Irvine,* 32 Cal. 303; *Butterfield* v. *Railway Co.,* 37 Cal. 381; *People* v. *Railway Co.,* 43 Cal. 423; *Ferrar* v. *Home Mutual,* 47 Cal. 416; *Budd* v. *Davis,* 50 Cal. 120; *Preston* v. *Hearst,* 54 Cal. 596; *Hershey* v. *Kness,* 75 Cal. 115; *Baird* v. *Peall,* 92 Cal. 235; *Wine Co.* v. *Behlow,* 94 Cal. 108; *Caldwell* v. *Greeley,* 5 Nev. 258; *Corbett* v. *Job,* 5 Nev. 202. Hayne on New Trial, Sec. 149.

The notice of intention to move for a new trial is not sufficient nor will it answer for the specification in the statement. *Hutton* v. *Reed,* 25 Cal. 490; *Thorp* v. *Freed,* 1 Mont. 663, and cases cited above. The want of specifications cannot be waived. The law is imperative. *Slater* v. *Railway Co.,* 7 Utah, Cases cited above, and *Budd* v. *Davis,* 50 Cal. 120; *Schreiber* v. *Whitney,* 60 Cal. 431; *Adams* v. *Dohrmann,* 63 Cal. 417; *Caldwell* v. *Greeley,* 5 Nev. 262.

*Messrs. MacDowall and Lysles* and *Mr. Charles K. Gilchrist,* for the respondent.

The point was not raised in the court below and hence cannot be considered. This is the rule in the Supreme Court of the United States and in California. The notice of motion was attached to and filed with the statement and they together constitute one paper.

MINER, J.:

It appears from the record in this case that Lindquist Bros., who are doing business at Thistle, Utah, were indebted to divers persons, and, being unable to pay their debts in full, made an assignment of their property to the plaintiff, H. L. Sterling, for the benefit of certain creditors.

Mr. Fyler, one of the creditors, commenced suit by attachment against Lindquist Bros. after such assignment, and the defendant E. H. Parsons, as United States marshal, took possession of the assigned goods under such writ as the property of Lindquist Bros., and sold them at auction at Salt Lake City, claiming there was no sale for them at Thistle. The plaintiff thereupon brought this action against the defendant for the wrongful conversion of the property, claiming damages in the sum of $1,810.95. On the trial before a jury the plaintiff recovered a verdict in the sum of $1,625. The defendant moved for a new trial on a statement of the case. The notice of intention to move for a new trial was based upon the ground of insufficiency of the evidence to justify the verdict, and other statutory grounds. The statement on motion for new trial did not specify the particulars in which the evidence was alleged to be insufficient to justify the verdict, and no specification of errors or particulars was assigned in the statement. The court, upon hearing, made an order granting the respondent a new trial on the ground that the jury erred in finding the value of the goods and chattels too great under the evidence, from which order the plaintiff appeals to this court; and relies for a reversal upon the facts: "(1) The statement on motion for new trial does not specify the particulars in which the evidence is alleged to be insufficient to justify the verdict. (2) It does not specify the particular errors upon which the defendant would rely for a new trial. (3) The statement contains no assignment nor specification of errors whatever. (4) The court erred in not disregarding the statement. (5) The court erred in granting motion for new trial, as the evidence shows that the market value of the goods at Thistle was $1,800."

Subdivision 3, § 3402, 2 Comp. Laws 1888, provides that, "when the notice of motion designates, as the ground of the motion the insufficiency of the evidence to

justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. * * * If no specification be made, the statement shall be disregarded on the hearing of the motion." The statement did not contain the specification of errors or particulars upon which the respondent relied on his alleged motion for new trial. These specifications are necessary in the preparation of the statement, to enable the adverse party to suggest intelligently such amendments as he may deem important to the just determination of the case, and to enable the parties, as well as the court, to pass intelligently upon the questions to be considered, and to notify the opposite party what he may be called upon to meet. This question has often been passed upon by California courts. *Barrett* v. *Tewksbury*, 15 Cal. 356; *Baird* v. *Peall*, 92 Cal. 235, 28 Pac. Rep. 285; *Wine Co.* v. *Behlow*, 94 Cal. 108, 29 Pac. Rep. 420; Hayne, New Trials & App. §§ 149, 150; *Slater* v. *Railroad Co.*, 8 Utah, 178, 30 Pac. Rep. 493; *Bankhead* v. *Railroad Co.*, 2 Utah, 507; *Benites* v. *Hampton*, 123 U. S. 519, 8 Sup. Ct. Rep. 254. We deem it unnecessary to discuss the other questions in the case. The order granting a new trial should be reversed.

BARTCH, J., concurred.