RICHTER ET AL., RESPONDENTS, *v.* LINDEN ET AL., APPELLANTS.

(No. 3,109.)

(Submitted March 20, 1912.  Decided March 29, 1912.)

[122 Pac. 918.]

*Contracts — Payment — Manner of—Instructions—Evidence— Comment on Weight of.*

Contracts—Payment—Manner of—Incorrect Instruction.
   1.  Parties may stipulate for the discharge of their obligations in any lawful medium other than money; hence it was error to refuse to instruct the jury, in an action to recover for goods, wares and merchandise in which defendant claimed that the agreement between him and defendant was that he should make payment by delivery of certain merchandise, that if the proof sustained his contention and he was ready, willing and able to perform, but that plaintiff refused to accept the medium agreed upon, they should find for defendant.
Instructions—Commenting on Weight of Evidence.
   2.  Defendant having been the only witness testifying to the agreement as he claimed it to have been, a requested instruction containing expressions such as: "P. L. claims," "If P. L.'s contentions are true," *etc., held,* not objectionable as particularizing his testimony and thus impliedly commenting upon the weight of it.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Robert Richter and another, doing business as the Crystal Ice Company, against Peter Linden and wife, doing business as the Oro Fino Ice Company.  From a judgment against Peter Linden and an order denying him a new trial, he appeals. Reversed and remanded.

*Mr. J. O. Davies,* for Appellants, submitted a brief and made oral argument.

*Mr. Alexander Mackel* submitted a brief in behalf of Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiffs brought this action as copartners doing business in Butte, Montana, under the firm name of Crystal Ice Company. They sought to charge the defendants, husband and wife, as copartners under the firm name of Oro Fino Ice Company, for a balance of $274.71, which is alleged to be due on account for goods, wares, and merchandise sold and delivered to defendants, no part of which had been paid. The defendants interposed a general denial. At the close of plaintiff's evidence, the court directed a nonsuit as to the wife. The jury returned a verdict against the defendant Peter Linden for the full amount claimed, and judgment was entered accordingly. The case comes to this court on appeals by this defendant from the judgment and an order denying his motion for a new trial. Several assignments of error are made by counsel, but only one of them demands special notice.

The evidence introduced on the part of plaintiffs tended to show the following: That the defendant is the owner of an ice pond from which he harvests and stores ice for sale; that prior to 1907 he had been leasing the pond to plaintiffs for $800 per year; that during the year 1907 the plaintiffs had purchased ice from him at the rate of $2.50 per ton; that payment was made to him by the delivery of ice by plaintiffs to certain customers of his, with the agreement that he should collect the current bills from these customers, and retain the amounts of them; that at the beginning of the year 1908 the defendant was informed by plaintiffs that the agreement was ended; that it was then agreed that plaintiffs should for a short time longer continue deliveries to defendant's customers as theretofore because he was not then

in a situation to care for them, and that he was to collect the current bills and pay the amounts over to plaintiffs, retaining ten per cent to compensate him for his trouble; that this arrangement was continued up to the end of June, when defendant assumed charge of his own customers; that defendant accounted for all amounts collected by him up to the end of March, but after that time he ceased to account; that on June 29 he paid plaintiffs $50, and at different times sold and delivered to plaintiffs 150 tons of ice at $2.50 per ton; that these sales were made outright for a stipulated price in money; and that defendant after being given credit for the amount due for ice delivered and the cash payment made, was indebted to the plaintiffs for the full amount demanded. The defendant introduced evidence tending to show that the arrangement entered into in 1907 was at the beginning of 1908 renewed to cover the months of January, February and March; that on April 1 it was agreed that the arrangement should be continued in force until the defendant could take charge of his customers, which he did at the beginning of July; that, when the last agreement was made, it was stipulated that defendant, though collecting as before, should not pay over the amount of his collections, but should discharge the indebtedness to become due to the plaintiffs in that behalf by delivering to them ice as they needed it at any time prior to January 1, 1909, at the price of $2.50 per ton; that defendant was able and willing at any time to deliver an amount sufficient to discharge the balance due from him and repeatedly offered to do so; that he did deliver 150 tons, but that plaintiffs refused to allow him to make further delivery. He stated that in one instance plaintiffs refused to accept delivery of ice actually hauled to their place of business.

From this brief summary it is apparent that there was a conflict in the evidence as to what the terms of the contract were. If the plaintiffs' theory was the correct one, they were entitled to recover; on the other hand, if the agreement was that defendant should reimburse plaintiffs for the amount collected for the months of April, May, and June by delivery of ice at the stipu-

lated price, they could not recover except for damages, upon allegation of the agreement as made and a breach of it by the defendant by a failure to perform it according to its terms. (*Clark* v. *Pinney*, 7 Cow. (N. Y.) 681; *Cummings* v. *Dudley*, 60 Cal. 383, 44 Am. Rep. 58; Page on Contracts, sec. 1392.) Parties may stipulate for the discharge of their obligations in money [1] or any other lawful medium. The office of the court is to ascertain their intent and understanding, and not to disregard the agreement which they themselves have made. If it was the agreement that defendant was to deliver ice in payment, plaintiffs had a right to demand ice. So the defendant had the right to acquit himself of his obligation by delivering ice. Before the breach of such an agreement by the debtor, the creditor cannot elect to have payment made in money, but must permit an acquittance by the debtor under the terms of the agreement. (Page on Contracts, *supra;* 2 Parsons on Contracts, 808, 809; *Ragland* v. *Wood*, 71 Ala. 145, 46 Am. Rep. 305; *Drake* v. *Harrison*, 69 Wis. 99, 2 Am. St. Rep. 717, 33 N. W. 81; *Pierce* v. *Marple*, 148 Pa. 69, 33 Am. St. Rep. 808, 23 Atl. 1008; *Roberts* v. *Beatty*, 2 Pen. & W. (Pa.) 63, 21 Am. Dec. 410.)

Counsel for defendants requested the court to submit an instruction to the jury, which embodies the rule of law applicable to his theory of the case, as follows: "Peter Linden claims that the ice so delivered to his customers by the plaintiffs was under a contract whereby he agreed to pay for the same, and the plaintiffs agreed to accept payment for the same in ice delivered to the plaintiffs by him at the rate of $2.50 per ton at any time prior to the first day of January, 1909; that he, Peter Linden, was ready, willing, and able at all times to perform his part of the contract, but that the plaintiffs refused to accept the ice in payment thereof from him. If you find that Peter Linden's contentions are true, you are instructed that your verdict should be for the defendant Peter Linden and against the plaintiffs." It was prejudicial error to refuse to give this or a similar instruction; for the defendant was entitled to have the case submitted to the jury so as to permit them to reach a conclusion upon the evidence from his point of view.

Counsel for plaintiffs suggest that the court was justified in refusing the instruction, because the expressions "Peter Linden [2] claims," *etc.,* and "if you find Peter Linden's contentions are true," *etc.,* particularize his testimony, and are thus implied comments upon the weight of it. We do not think it subject to criticism for this reason. But, even so, since he was the only witness who gave testimony tending to show the terms of the contract to be as he claimed, the jury could not have been misled by it. Manifestly, the jury could not have found in his favor unless they believed him; and, if they did, they could not have found otherwise.

The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.