[S. F. No. 13591.   In Bank.—March 1, 1932.]

ALBERT M. SCHULTE, Appellant, v. JOHN BUBEN, Respondent.

A. M. More and E. B. Mering for Appellant.

Kirkbride, Wilson & Brooks and Don C. Reid for Respondent.

THE COURT.—This is an appeal from a judgment of dismissal entered upon the sustaining of a demurrer to plaintiff's third amended complaint.

The pleading alleges in substance that plaintiff contracted with defendant for the erection of a dwelling-house in Burlingame for the sum of $10,440 cash, and a certain piece of property situated in the county of Alameda; that plaintiff completed the building according to the terms of the contract and plans and specifications and received the last installment of the $10,440; that a few days thereafter, defendant tendered plaintiff a deed to the Alameda property which plaintiff refused to accept for the reason that the value of the same had been misrepresented by defendant. In this connection the complaint alleged that the representations as to the value of the property were accepted by plaintiff as matters of fact and not of opinion, and that believing each of them to be true, he was induced by such false representations to enter into the contract. It is then alleged that by reason of the false representations plaintiff was damaged in the sum of $3,000. The prayer is that the premises upon which the lien was filed be sold and that the proceeds or so much thereof as is necessary to satisfy the claims of plaintiff be applied to his claim. The complaint was demurred to upon numerous grounds, the main contention, however, being that a mechanic's lien is not the available remedy under the circumstances.

It is apparent from a reading of the complaint that plaintiff has attempted to state but one cause of action, namely, to foreclose a mechanic's lien pursuant to the notice thereof. It is respondent's contention in support

of the judgment, that a mechanic's lien is not available to plaintiff when based upon a claim for damages for fraud and misrepresentation; that it can only lie for the reasonable value of materials furnished or labor performed upon the building. The provisions of the Mechanic's Lien Law, however, are not so limited. ■ The fact that the contract provides for payment to the contractor of part of the contract price in land does not affect the contract under the provisions of section 1184 of the Code of Civil Procedure where the money price of the whole work is fixed by the contract, though a specified portion of that price is to be paid in land. In such case the damages are liquidated and certain, precisely the same as an agreement to pay so much money. Although ordinarily the contract stipulates for payment in money by the owner, this is not essential. (*Dowdney* v. *McCullom*, 59 N. Y. 367.) There is no distinction in principle between the agreement to pay money or property, which can possibly affect the remedy provided. If the labor has been performed, no matter in what the owner agreed to pay, if he has not paid, a contractor has the right to resort to the security provided by law. (Phillips on Mechanics' Liens, sec. 129.)

It has been expressly held in this state that our statute indicates, if it does not imply, that a contractor may have a lien for the value of his work payable otherwise than in money, and that this conclusion is in perfect accord with the statute that he shall have a lien for the value of labor done and materials furnished. (*Baird* v. *Peall*, 92 Cal. 235 [28 Pac. 285]; *Schmid* v. *Busch*, 97 Cal. 184 [31 Pac. 893]). In other jurisdictions under similar statutes the rule is the same. (*McMurray* v. *Brown*, 91 U. S. 257, 266 [23 L. Ed. 321]; *Pierce* v. *Marple*, 148 Pa. 69 [33 Am. St. Rep. 808, 23 Atl. 1008]; *McLaughlin* v. *Reinhart*, 54 Md. 71.)

■ The Mechanic's Lien Law, while exclusively the creature of the statute, is of an equitable nature and should be so construed as to permit the determination of all controversies arising thereunder, where possible, in a single proceeding, thus preventing a multiplicity of suits.

From what we have said it follows that there has been no misjoinder of causes of action, the complaint being one

simply for the foreclosure of a lien and the relief which the statute provides.

Judgment reversed, and the cause is remanded with instructions to the court below to overrule the demurrer to the third amended complaint.

WASTE, C. J., Dissenting.—I dissent.

The majority opinion proceeds upon the theory that the complaint under consideration is for the foreclosure of a mechanic's lien where the contractor was to be paid in money and land. Based upon this major premise the majority opinion holds that "the fact that the contract provides for payment to the contractor of part of the contract price in land does not affect the contract". That is undoubtedly the law, the difficulty being that, in my opinion, that principle has no application to the facts of this case. As I read the complaint the cause of action sounds in tort and not in contract. The damages asked are not for failure to pay the contract price but for the alleged fraud and misrepresentation of the owner. There can be no doubt that if the owner contracted to pay $10,440 in cash, and the balance of $3,065 in land, and if such total sum was the reasonable value of the services, the contractor could foreclose his lien for the amount of the represented value of the land if the owner refused to convey such land, or if such land was not worth the represented value. But that is not the theory upon which the complaint proceeds. Nowhere in the complaint is it alleged that the cash and land payments constituted the reasonable value of the labor and materials furnished by the complainant as expressly required by section 1183 of the Code of Civil Procedure. Reading the entire complaint it is obvious that the sums sought to be recovered are not sought as part of the contract price remaining unpaid, but are sought as and for damages caused by the alleged fraud of respondent. For example, allegation number 14 of the third amended complaint reads as follows:

"That plaintiff has been *damaged by said misrepresentations* of defendant as herein set forth in the sum of $3,000.00 . . . " Allegation number 15 is to the effect "that the conduct of defendant in relation to said contract

has been oppressive and fraudulent as herein set forth and this plaintiff has been compelled to employ counsel to enforce his rights; that it is meet and proper that plaintiff be allowed counsel fees in the sum of $500.00 as *exemplary damages and that said sum be made a lien upon the said lot and the building constructed thereon by this plaintiff"*. These allegations fairly represent the theory upon which the complaint proceeds. To hold that the mechanic's lien may be extended so as to permit recovery of damages for a tort is to extend the provisions of that statute far beyond the original intent of the act. It is my opinion that it was never intended that the mechanic's lien should be used for this purpose.

Appellant has filed three amended complaints. In none of the four complaints has appellant embodied the allegations necessary in an action to foreclose a mechanic's lien. It seems obvious that if appellant could have stated such a cause of action truthfully he would have done so. Although this court has been extremely liberal in construing pleadings it is my opinion that to hold that the present pleading states a cause of action to foreclose a mechanic's lien is to not only violate fundamental rules of pleading but is to warp the mechanic's lien beyond its scope and intent.

Shenk, J., concurred.

Rehearing denied.

Waste, C. J., and Shenk, J., dissented.