Heber Bankhead v. Union Pacific Railroad Company.

HUNTER, C. J., and EMERSON, J., concurred.

---

HEBER BANKHEAD, APPELLANT, v. UNION PACIFIC RAILROAD COMPANY, RESPONDENT.

1. STATEMENT ON APPEAL FROM JUDGMENT.—When a party appealing from the judgment roll alone desires a statement on appeal, the same must be filed in the manner and within the time required by section 330 of our Practice Act.

2. STATEMENT—WHAT TO CONTAIN.—A statement on appeal must specifically set forth and contain the assignment of errors or grounds upon which appellant will rely upon the appeal, otherwise it will be disregarded.

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the court.

*E. D. Hoge*, for appellant.

The act of Utah Territory in reference to railroad companies provides that "it shall be the duty of any company operating lines of railroad in this Territory to make and maintain a good and sufficient fence on either or both sides of their entire railroad, where the lines run through lands which are now or hereafter may be inclosed or improved," etc. C. L. Utah, § 35, p. 214.

A person may use his own land where a railroad runs through it, and recover for injury to stock. Sher. & Red. on

Neg. §§ 471, 28; *Cook* v. *Champlain, etc., Co.*, 1 Denio, 91; *Fevo* v. *Buffalo R. R. Co.*, 22 N. Y. 209; *McCoy* v. *Cal. R. R. Co.*, 40 Cal. 532; *Shephard* v. *Buffalo, etc., R. R. Co.*, 35 N. Y. 641; *Jeffersonville R. R. Co.* v. *Nicholas*, 30 Ind. 321; *Cowin* v. *N. Y. & Erie R. R. Co.*, 13 N. Y. 42.

The turning of stock upon the commons is not of itself negligent, much less can it be negligence to turn into a field where the party has the right. *Richmond* **v.** *Sacramento Valley R. R. Co.*, 18 Cal. 351.

*Williams & Young*, for respondent.

When we refer to the record or statement on appeal, we find no assignment of errors; or, in the language of the statute, " the particular errors or grounds upon which he, the plaintiff, intends to rely." § 338 Pr. Act.

This, then, narrows the case down to the simple errors committed by the court, and which are disclosed by the judgment roll. *Barrett* v. *Tewkesbury*, 15 Cal. 354; *Reynolds* v. *Lawrence*, 15 Cal. 359; *Dobbins* v. *Dollarhid*, 15 Cal. 374; *Hutton* v. *Reed et al.*, 25 Cal. 478; *Crowther* v. *Rawlandson*, 27 Cal. 385; *Haggins* v. *Clark*, 28 Cal. 164; *Fitch* v. *Bunch*, 30 Cal. 211; *Zenith G. & S. M. Co.* v. *Irwin*, 32 Cal. 303.

By examination of the judgment roll the court is bound to confirm the judgment entered in the court below. But if this point should be disregarded by the court, and the errors relied upon by appellant in his brief be considered, we are still satisfied with the judgment of the court below.

We have never doubted the power of the Utah Legislature to make all laws consistent with good government, which are not directly or by implication in conflict with the organic act, or some other act of Congress. Nor do we claim that a statute that requires railroad companies to fence their tracks, which said companies were in existence prior to the passage of such act, is necessarily, on that account, void as to such companies, though that point might be contested on good authority. *Williams* v. *Oswego & Syracuse R. R. Co.*, 10

Barb. 87; *Suydam* v. *Moore*, 8 Barb. 358, 364–366; *Staats* v. *Hudson River R. R. Co.*, 3 Keyes, 196.

But we do contend that under the circumstances of this case this section of Utah laws, viz., section 493, does not apply to this road, because:

*First*—The Union Pacific railroad was built, and its right of way acquired, prior to the passage of the law in question, and it was, therefore, a violation of contracts to enforce this law against respondent.

*Second*—It was unconstitutional in this, that it entailed a new expense on the company not provided for in its charter, and, therefore, was taking property without just or any compensation. See cases last above referred to.

*Third*—The parties who pre-empted and obtained the land along the Union Pacific railroad, in the Territory of Utah, pre-empted and obtained title thereto after the Union Pacific had got possession of and title to its right to two hundred feet on each side of its road bed. 1 Sawyer, 651, 652.

*Fourth*—That the act the Utah Legislature approved February 17, 1869, and five days after the one, a portion of which is invoked by appellant in this case, makes the running at large of domestic animals on the property of another trespass. C. L. Utah, § 396: *Chicago & N. W. R. R.* v. *Goss*, 17 Wis. t. p. 446.

Boreman, J., delivered the opinion of the court:

The District Court gave judgment against the plaintiff, and he has appealed.

In the court below the appellant filed a statement containing the evidence, and showing exceptions to the rulings of the court upon questions arising in the course of the trial upon the introduction of evidence; but, beyond these exceptions, there was nothing in the nature of assignment of errors, or grounds upon which the appellant intended to rely on the appeal. The respondent objects to the cause being heard in this court upon the evidence, for the reason that there is no assign-

ment of errors, as required by section 330 of our Civil Practice Act. The appellant urges that the exceptions taken at the time to the rulings of the court below upon the introduction of evidence, are a sufficient assignment of error under the statute. In order, however, that the assignments may be formally made, he now presents, and asks that he be allowed now, in this court, to file the same. He relies upon the case of *Barnett* v. *Tewksbury*, in 15 Cal. 354. We are asked to pass upon this question before the cause be further heard.

It is a common practice to make a variety of exceptions to the rulings of the court, but it is equally common for the appellant to designate upon which of such exceptions he intends to rely on his appeal. This is requisite to prevent the record from being unnecessarily burdened with statements of facts and details of unimportant matters, and to give the opposite party timely notice of the specific grounds of objection which he will have to meet. The appellant has not, in this case, designated any specific exceptions, or alleged error, upon which he intended to rely on his appeal, nor is it claimed that he has done so. Should the assignment be now allowed in this court over the objection of the respondent?

The assignment of errors is the main feature of the statement on appeal, authorized by the section of the statute referred to. The statement amounts to nothing without it. The evidence is merely incidental to the assignments of errors, to explain and show in what the alleged errors consist. The allowance at this time of the filing of such assignment is to allow now the filing of a statement. The statute requires that this be done in the district court, and within a limited time, and that a copy be served upon the respondent, who can within a specified time thereafter propose amendments, serving a copy thereof on the appellant; and, then, the statement and amendments are to be presented to the judge or referee who tries the case, upon two days' notice to the respondent, and then the judge or referee shall thereupon settle the statement. This statute has not been followed, nor attempted to be followed.

It is a statute made not only for the benefit of the parties, but also for the assistance of the court, by not requiring the court to wade through a mass of evidence or testimony, oral or documentary, that may be immaterial to the case upon the appeal. The case of *Barnett* v. *Tewksbury* shows a case where, by the dicta of the court, the appellant might, upon a hypothetical case, be allowed to file his assignment of errors in the Supreme Court, but no such allowance was made in that case. The condition of affairs existing in California at the time such hypothetical case was put is not the condition existing here.

In California, the general practice then was to not file such assignment in the court below, but in the Supreme Court, and this practice arose to a considerable extent from indefiniteness of the statute. Since that time the California statute has been amended, and the Supreme Court of that State says that since the amendment there can be no uncertainty in the requirements of the statute, and that such assignment must be made in the court below, as required by the statute. *Hutton* v. *Reed*, 25 Cal. 478.

Our statute is identical with the California statute as amended, and not as it was before amendment; nor does it appear that in this Territory it has been the general practice to disregard the statute. There does not, therefore, seem to be any authority or any good reason for excusing the failure to prepare and file the statement in the court below, as required by the statute, nor for allowing such assignment to now be filed in this court. The application, therefore, to file same now will be denied.

As the appellant does not desire any hearing upon the judgment roll as it stands, the judgment of the court below is affirmed, with costs.

HUNTER, C. J., and EMERSON, J., concurred.