## J. R. POTTER *v.* SPRINGFIELD MILLING CO.

1. PRINCIPAL AND AGENT.   *Sales.   Agent's authority.   Secret limitation.*
   > One having authority to sell the goods of a manufacturer to all persons within certain territory, desiring to purchase the same, is a general agent for that purpose, and the obligation to deliver arising upon a sale made by him to a purchaser not cognizant of any limitation upon his authority, is not affected by his principal's reservation of the right to reject all orders taken by him.

2. SAME.   *Acts within scope of agency.   Memoranda.*
   > A general agent for the sale of goods has the power to do all acts incidental to the business, as signing and giving to a purchaser a note of the bargain made.

FROM the circuit court of Lee county.

HON. Z. M. STEPHENS, Judge.

Action for damages resulting to plaintiff from defendant's failure to deliver one hundred barrels of flour sold to him by defendant's agent.   Plaintiff's loss, by reason of the advance in the price of flour, being 93 cents per barrel or $93 on the lot. Action begun by attachment, defendant being a foreign corporation.   Defendant's agent, at the time of sale, signed and gave to plaintiff a written memorandum of the sale, showing amount and character of goods, terms, etc.   The other material facts are stated in, or readily inferable from, the opinion.  . The circuit court gave a peremptory instruction for defendant, and plaintiff's motion for a new trial having been overruled, he appealed from the judgment entered.

*C. Lee Crum*, for the appellant.

1. The memorandum given by Potts is sufficient, and takes this case out of the statute of frauds.   8 Am. & Eng. Enc. L., 710–716, 718, 719; 2 Parsons on Con., 291, 293; *McLean* v. *Dunn*, 4 Bing., 722; *Gasbel* v. *Archer*, 2 Ad. & E., 500; *Hawkins* v. *Baker*, 46 N. Y., 666.

2. There are two classes of agents, general agents and particular or special agents.   A general agent is one authorized to do all acts connected with a particular trade, business or employment.   A particular agent is one whose authority is confined to a particular, individual instance.   1 Am. & Eng. Enc. L., 349; Smith on Contracts, 374; Parsons on Contracts, 39. Therefore, the law of general, not special, agencies applies in this case.   If a general agent exceed his authority, his principal is bound, provided what he does is within the ordinary and usual scope of the business he is deputed to transact, or is within the authority his principal appears to give him.   1 Am. & Eng. Enc. L., 353, and note 1; Smith on Contracts, 35.   This is true even if the act done be contrary to private instructions. The courts hold uniformly that secret instructions to a general agent from his principal cannot affect third parties dealing with the agent who are ignorant of such instructions.   *Routh* v.

*Agricultural Bank,* 12 Smed. & M., 161; 1 Am. & Eng. Enc.
L., 350, text and note 2; *Stevens* v. *Meers,* 11 Ill. App., 138;
*Louisville Coffin Co.* v. *Stokes,* 78 Ala., 372; 110 Ill., 427; 137
Mass., 31; *White* v. *Leighton,* 15 Neb., 424; *Gilbraith* v. *Line-
berger,* 69 N. C., 145; *Darst* v. *Stavins,* 2 Ohio, 473.    Note
particularly Parsons on Contracts, 40–42 inclusive.

*LeRoy Kennedy,* for the appellee.

Those dealing with an agent must know the extent of the
delegated authority of the agent, for the thing done or contract
made will be valid, or not, as it conforms to the measure of
authority delegated.    *McLemore* v. *Hawkins,* 46 Miss., 715;
*Dozier* v. *Freeman,* 47 Miss., 647.    We begin on common
ground with the fact that Potter knew that Potts was only an
agent with certain delegated authority.    This being the case,
and it cannot be denied, then it was incumbent on Potter to
know the extent of the agent's authority.    This is mani-
festly right, and the only true rule, otherwise an irrespon-
sible and unscrupulous agent would have his principal alto-
gether at his disposal and a victim of conspiracy with every-
one with whom he did business.    Such is neither the spirit
nor meaning of the law, and, too, this contract was only exec-
utory at best, for both Potter and Potts agreed that the sale
should remain open, Mr. Potter reserving the right to counter-
mand the order at any time during the next few days.    Not
only did the defendant company reserve the right to turn down
any and all orders sent in by Potts, but it also reserved the
right to do so for any cause, and it was Potter's own folly not
to have informed himself in this matter.    *Manier* v. *Appling*
(Ala.), 20 So. Rep., 28.    While a memorandum of this sale
was, at the time, made by Mr. Potts, and introduced in evi-
dence by plaintiff, on trial of this case, it did not and could not
serve to take the sale out of the statute of frauds, because Potts
stated in his testimony that the memorandum in evidence, if
made by him, was only made for his own convenience; that he

had no authority from his principal to execute and sign any memorandum or writing in connection with sales thus made by him for their ratification, etc.

TERRAL, J., delivered the opinion of the court.

We are of the opinion that the plaintiff made out a good cause of action against the defendant, and that the peremptory instruction for the defendant was error.   The authority given to Potts by the Springfield Milling Company to sell its flour to all persons wishing to purchase, constituted him its general agent in that business (Story Agency, sec. 17); and in all cases of general agency the principal is bound by the acts of his agent within the scope of the authority conferred on him, although he violates his instructions limiting or qualifying the exercise of such authority.   Story on Agency, sec. 126.   Potts, as the salesman of the defendant milling company, had an unquestionable right to give to Potter a sale note of the bargain, and this was proper to be done in this instance, in order to satisfy the statute of frauds, for an authority conferred upon an agent includes all the necessary and usual means of executing it with effect. Story on Agency, sec. 58.

The contract of Potts with plaintiff to sell him the one hundred barrels of flour was binding upon the defendant company, and the reservation by the defendant company of power to reject the orders of Potts was inoperative as to all persons not cognizant of such reserved authority, and whatever loss was sustained by the plaintiff by reason of the neglect of the defendant to fulfill such contract, and which loss could not have been reasonably avoided by the plaintiff, he is entitled to recover in this action.

*Reversed and remanded.*