## SMITH TABLE CO. v. MADSEN.

No. 1649. Decided February 21, 1906 (84 Pac. 885).

1. APPEAL—ASSIGNMENT OF ERRORS—FILING IN LOWER COURT.—Since the repeal by Laws 1903, p. 186, c. 134, of Laws 1899, c. 62, p. 84, sec. 2, requiring the petition in error to be attached to the transcript filed in the Supreme Court, and in view of Supreme Court Rules 6, 10 merely requiring appellant to set forth in his abstract and brief the particular errors on which he relies for reversal, the assignment of errors need not be filed in the court below.[1]

2. SAME—FINDINGS—CONCLUSIVENESS.—Findings of the trial court based on conflicting evidence will not be disturbed.

3. PRINCIPAL AND AGENT—ACTS WITHIN APPARENT AUTHORITY.—Acts within the apparent scope of an agent's authority are binding upon the principal.

BARTCH, C. J., dissenting in part.

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Action by the Smith Table Company against P. W. Madsen. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Booth & Lee* for appellant.

*James Ingebretsen* for respondent.

APPELLANT'S POINTS.

Agency cannot be proved by the declarations of the agent. (1 Jones on Evidence [Pony Series], sec. 256.) The declaration of an agent is admissible as a part of the *res gestae* "It is of course an indispensable requisite to the admission of the declarations of an agent as part of the *res gestae* that such agency or authority be first proved. Such agency cannot be proved by the declarations themselves, no matter how publicly made; nor by such declarations accompanied by

---

[1] Thompson v. Hays, 24 Utah 275, 67 Pac. 670; Bankhead v. Railroad Co., 2 Utah 507.

acts purporting to be in behalf of his principal, unless they are brought to his knowledge." (2 Jones on Evidence [Pony Series], sec. 359, and cases cited under notes 9, 10 and 11 thereof. 1 Greenleaf on Evid., sec. 437; 6 Am. and Eng. Ency. Law [2 Ed.], p. 224; *Burbank v. McDuffee*, 65 Me. 135; *Gill v. Kaufman*, 16 Kan. 571.)

### RESPONDENT'S POINTS.

We contend broadly that it is within the apparent scope of a traveling salesman's authority to fix prices. (Mechem on Sales, sec. 175; *Smith v. Draubay*, 20 Utah 443; *Banks v. Everest*, 35 Kan. 687; *Potter v. Spring Mills Co.*, 75 Miss. 532; 6 Am. and Eng. Ency. Law [2 Ed.], 224.)

### STRAUP, J.

This is an action to recover a balance claimed to be due for goods sold and delivered by plaintiff to the defendant. The goods were sold to him at Grand Rapids, Michigan, where plaintiff maintained a salesroom, and were shipped from Warren, Pennsylvania, where was its factory. The plaintiff contended that the goods were sold at a discount of fifteen per cent. if paid within twenty days from date of invoice, which was known in the trade as a "cash discount." Defendant contended that he was to have a deduction of fifteen per cent. from the regular list or catalogue price, which was known in the trade as a "trade discount." Under plaintiff's contention the defendant had the benefit of the fifteen per cent. discount if the goods were paid for within the twenty days; under the defendant's he was entitled to the discount, no matter whether the goods were paid for within the twenty days or thereafter. Within ninety days from the date of the invoice the defendant paid for the goods at the agreed price, as claimed by him, but the payment not being made within the twenty days, the plaintiff declined to accept the amount as full payment, gave the defendant credit therefor on account, and sued him for the balance. The court found that the defendant in person purchased the goods at the salesroom of the plaintiff at Grand Rapids,

Michigan, at a trade discount of fifteen per cent.; that the defendant visited the salesroom at said place, where the goods were offered for sale, and, in purchasing the goods there, dealt with the plaintiff's general agent; and that the defendant had paid the plaintiff the price agreed upon. Judgment was rendered for the defendant. Plaintiff appeals, attacking the findings and claiming that plaintiff's agent at Grand Rapids was a mere traveling salesman and had no authority to give the defendant the trade discount.

1. Question of practice. Because the assignment of errors was filed in this court, and because it was not filed in the court below, presented and settled in the bill of exceptions, a motion was made to have it stricken. The motion ought not to prevail. There was a statute (section 2, c. 62, p. 84, Laws 1899) requiring the petition in error to be attached to the transcript and filed in this court, but it was repealed by chapter 134, p. 186, Laws 103. Since then, and at the time of the taking of this appeal, there was no statute providing where or when the petition or assignment of errors should be made. The only rules of court relating to the question, and in force at the time of the appeal, are rules 6 and 10, which require the appellant to set forth in his abstract and brief the "particular errors upon which he relies for a reversal of the judgment." If these shall be construed to embrace or to mean the assignment of errors, then it was properly made and filed in this court. But it may be said that the rules merely require a setting forth of points to better understand and apply the discussion, and presupposes an assignment, which is wholly apart from the requirement of the rule. In other words, the assignment of errors, being in the nature of a petition or pleading, it is not sufficient to merely set forth points relied upon in the brief. (*Doe v. Waterloo Min. Co.,* 70 Fed. 455, 17 C. C. A. 190.) In the absence of a statute or rule of court prescribing the time and place of making the assignment, we think the proper place of filing it is with this court. The object of an assignment of errors is to apprise the appellate court of the specific questions presented for its consideration, and to inform the opposite party of the points intended to be relied upon that he

may thereafter be guided in the preparation of his brief, and to limit discussion and consideration to those points. It is, in effect, appellant's complaint in the appellate court and performs the same function as an initial pleading in the court below. It is the foundation upon which rests the right of the appellate court to review the errors imputed to the trial court. (2 Enc. Pl. & Pr. 921; 2 Cyc. 980; *Rubey v. Hough*, 161 Ind. 203, 67 N. E. 257; *Ditch v. Sennott*, 116 Ill. 288, 5 N. E. 395.)

At common law the assignment of errors did not constitute a part of the transcript, but was founded upon it, and was filed in the appellate court, at or subsequent to, the time of filing the transcript. (*Hutton v. Reed*, 25 Cal. 479.) Considering, therefore, the office of an assignment of errors, both reason and principle suggest that it be filed in the appellate court, in the absence of a statute or rule of court requiring it to be filed in the court below. It, therefore, is not necessary that it be contained in the bill of exceptions. (*Reay v. Butler*, 69 Cal. 572, 11 Pac. 463; *Hagman v. Williams*, 88 Cal. 146, 25 Pac. 1111; *Shadburne v. Daly*, 76 Cal. 355, 18 Pac. 403.) Reference has been made to section 3286, Revised Statutes 1898, but it is apparent on reading it that it applies alone to the preparation, settlement, and signing of a bill of exceptions, and has nothing whatever to do with an assignment of errors, nor does it, in any particular, relate thereto. Besides, this court has already held that "exceptions are by no means assignments of error." and has indicated, as there is, a distinction between them. (*Thompson v. Hays*, 24 Utah 275, 67 Pac. 670.) In settling a bill of exceptions the trial court has nothing to do with "allowing" or "settling" an assignment of errors. It is not clothed with authority or discretion to allow certain assignments and refuse others. Nor are the assignments to be presented in the bill of exceptions, as is said, "for the consideration" of the trial court, nor for the purpose, as is suggested that it may then review and correct any error so assigned. A bill of exceptions is a statement in writing settled, signed, and certified to by a judge of what the rulings were, the objections made, and exceptions taken thereto, the facts in view of

which the rulings were made, and the proceedings explaining them. It is the history of the case as tried. Its office is to bring into the record of a case those material matters occurring during the trial which otherwise would not appear. (1 Words & Phrases, 783, and cases.) These things are done to preserve and authenticate the record in order that the rulings may be presented to and reviewed by the appellate court and not to afford the trial court at the settlement of the bill an opportunity to review and correct his own rulings.

The assignment of errors is no part of the history of the case, but is founded upon it, in the nature of a complaint made to the appellate court for its consideration, and hence has no place in the bill of exceptions. The case of *Bankhead v. R. R. Co.,* 2 Utah 507, is not here controlling nor applicable. The ruling in that case was made under the civil practice act of the then territory of Utah, essentially different from the present practice and Code relating to records on appeal, and to the settlement of a bill of exceptions. Furthermore, in that case, there were no assignments made in either court, nor was the statement on appeal served or settled as required by the practice act, and the court properly held there was nothing before it except as appeared upon the judgment roll. Here no question is raised as to the service, settlement, or authenticity of the bill of exceptions. It is a transcript of the reporter's notes of all the evidence and proceedings, showing all the rulings of the trial court, the objections made and exceptions taken thereto, and all are properly preserved and settled in the bill. No question is presented as to specifications of particulars wherein it is claimed the evidence is insufficient to support the findings as required by section 3284, Revised Statutes 1898, and as amended by section 1, c. 40, p. 33, Sess. Laws 1903, and none could properly be raised, for such specifications were made with great particularity. No complaint is made with respect to any of these matters. Furthermore, a specification of particulars as to the insufficiency of evidence to support the verdict or decision is not to be confounded with, nor treated as an assign-

ment of, errors. The office performed by each is essentially different.

The only point to which the motion is directed, and that is urged by respondent, is that the petition or assignment of errors should have been filed in the court below and by it allowed and settled in the bill of exceptions, instead of attaching the petition or assignment to the transcript and filing it in this court. Since the repeal of the statute designating the time and place of making the assignment or petition, much confusion has prevailed as to where and when the assignment of errors should be made. It has been the general practice to make it as was done in this case. By some it has been made in the court below by having it inserted in the bill of exceptions; and by others, out of caution, it has been made both in this court and in the court below. When it has been made in the lower court motions have been made to have it stricken because not here made; when made here and not below, like motions have been made. This court has uniformly held that an alleged error will not be reviewed unless assigned. Because of the absence of a statute or a rule of court regulating it, our practice has been to consider the assignments if made in either court. Since this appeal was taken, and at the October term of this court, this question, however, was set at rest by the establishment of a rule (rule 26) requiring the assignments to be made and filed in this court within five days from the time of filing the transcript of the record on appeal. It may be said it is the better practice to require the assignment to be filed below and embodied in the bill of exceptions to aid the trial court and opposing counsel in determining the amount and kind of evidence to be set forth in the bill. When the bill is presented showing the rulings, the objections made, and exceptions taken thereto, it is sufficient notice that they may thereafter be assigned as error, and each party is afforded an opportunity to have all the evidence deemed necessary to explain them embodied in the bill. Besides, the suggestion is of little force when, as under our practice, a complete transcript of the reporter's notes of all the evidence and proceedings may be and

generally is tendered and settled as and for the bill. Again, while we may make rules of practice for this court not inconsistent with the statute nor the Constitution, our authority to make a rule for the district court directing what it shall embody in the bill of exceptions, and to place in the bill something not a part of the record nor history of the case, nor required by statute, may well be doubted. Further, in an appeal on the judgment roll without a bill of exceptions, no assignment could be made in such manner and hence it would be necessary to have one rule for such an appeal and another for a record having a bill of exceptions.

Some observations are made respecting the question as to whether the stenographer's or reporter's notes of the evidence may be stated in the bill, and as to its settlement by the court with such statement. It is claimed that the court should eliminate all redundant matter and embody only so much of the evidence as is necessary to explain the exceptions, and that the bill should be made as brief as possible. No such question of practice is raised, nor before us for consideration. It may, however, be observed that by the amendment of section 3284, Revised Statutes 1898, by section 1, c. 40, p. 33, Sess. Laws 1903, the Legislature expressly provided that the stenographer's notes of the evidence may be stated in the bill. Under our practice no unnecessary expense or hardship is imposed by so doing, for the transcript on appeal is not required to be served or printed as is the case in some jurisdictions. Here, after the transcript on appeal is filed, the appellant is required to serve and file a printed abstract of the record wherein the points relied upon for a reversal shall be set forth, and so much of the record abstracted and printed as is deemed necessary to explain them. If the respondent is not satisfied with such abstract he may print a further abstract, or amendments thereto.

2. On the merits. Plaintiff's agent testified that the discount was a cash discount; defendant, a trade discount. On such conflicting evidence the findings of the trial court will not be disturbed. Nor is the fact of controlling force, that the plaintiff invoiced the goods to the defendant, "Terms fifteen

per cent. off twenty days, net sixty days," for defendant, when he saw the invoice, wrote to the plaintiff: "In looking over your invoice I notice that you have made the terms fifteen off for cash, net sixty days. This was not the terms we bought the tables on. It should be less a trade discount of fifteen per cent., sixty days time. Please change your books to read accordingly," and again, "The discount referred to was not a cash discount but a trade discount." The defendant had the right to insist upon the terms of his contract as made by him.

The claim made that the plaintiff's agent had no authority to allow a trade discount is untenable. While plaintiff's manager testified that the agent was a traveling salesman and had no authority to sell at a trade discount, still there is evidence in the record tending to show that he was something more than a mere traveling salesman. In view of the findings of the court, supported by sufficient evidence, it was as much within the apparent scope of the agent's authority to give the defendant a trade discount as it was to give him a cash discount. The case is controlled by *Smith v. Droubay,* 20 Utah 443, 58 Pac. 1112. The following authorities also show that the acts done here, being within the apparent scope of the agent's authority, are binding upon the plaintiff. (Reinhard on Agency, sec. 325; *Banks Bros. v. Everest et al.,* 35 Kan. 687, 12 Pac. 141; *Potter v. Springfield M. Co.,* 75 Miss. 532, 23 South. 259; Tiedeman, Sales, sec. 269; Mechem, Agency, sec. 705; 1 Mechem, Sales, sec. 175; 1 Am. & Eng. Enc. L. 992.)

The judgment of the court below is affirmed, with costs.

McCARTY, J.
I concur.

BARTCH, C. J. (concurring in the judgment).
This action was brought by the plaintiff to recover an alleged balance of $137.67, claimed to be due for goods sold and delivered to the defendant. The answer denies the alleged indebtedness. At the trial, which was had before the

court without a jury, the issues were decided in favor of the defendant, and thereupon the plaintiff appealed.

The first question presented for consideration is one which has arisen upon the respondent's motion to strike out the assignment of errors. The motion was based upon the ground that no assignment or specification of errors was filed or served at the proper place or time. It appears that no assignment or specification of errors was ever filed in the court below; nor was it presented to that court or settled in the bill of exceptions, although the most important errors assigned relate to the insufficiency of the evidence to sustain the findings of fact and conclusions of law. The assignment was made and filed for the first time in this court. The question, therefore, is whether, under our rules of practice, an assignment so made and filed is sufficient. In my judgment this question should be answered in the negative. Such an assignment is a specification of errors, alleged to have been committed by the trial court, upon which the appellant relies for a reversal. When properly prepared it is in the nature of a pleading setting forth the points to be determined in the appellate court, and that court, in general, will consider and determine only such points as are thus properly pleaded and presented.

"The assignment proper is the whole pleading, but is composed of one or more allegations of error corresponding to the several paragraphs of a complaint, and properly termed specifications." (2 Enc. Pl. & Pr. 921.)

Under our statutes and practice, such specifications of errors must be filed in the court below and proper service made upon the adverse party; and where, as here, alleged errors relate to the insufficiency of the evidence to justify the ruling or thing complained of, the specifications must be settled in the bill of exceptions.

The statute, in section 3286, Revised Statutes 1898, *inter alia,* makes provision for an appellant, within a specified time after the decision, to serve a draft of a bill of exceptions or a copy thereof, upon the adverse party, and provides that

30 Utah—20

"such draft must contain all the exceptions taken upon which the party relies," and then, after specifying the manner in which the bill must be settled by the trial judge, further provides:

"When settled, the bill must be signed by the judge, with his certificate to the effect that the same is allowed, and shall then be filed with the clerk."

The evident purpose of the statute is to require the appellant to present the specific points, upon which he relies for a reversal, to the lower court for its consideration in the settlement of the bill of exceptions, and to apprise the adverse party or opposing counsel of the same so as to afford an opportunity to propose such amendments to the bill, before settlement, as such party or counsel may deem necessary to a proper presentation, of the points intended to be relied upon, to the appellate court.

"It is unambiguously stated in a very large number of decisions that each error relied on must be separately and distinctly specified—that no one assignment shall embrace more than one specification of error—and that on a failure to comply with this requirement the court will, as a general rule, refuse to consider the assignment. So, a very large number of decisions broadly lay down the doctrine that an assignment of errors must point out definitely and specifically the errors relied on." (2 Cyc. 986, 987.)

The time of filing assignments or specifications of errors is regulated altogether by statutes or rules of court (2 Cyc. 1003), and if a statute or

"Rule requires the assignment of errors to be filed in the trial court, and this is not done, the assignment will not be considered." (2 Cyc. 1012.)

It follows, therefore, that an assignment or specification of errors, filed in this court, which, as in this instance, has neither been presented, served, nor filed in the lower court, is ineffective on appeal and cannot avail the appellant.

Practically the same question here under consideration

was presented to this court and decided in the case of *Bankhead v. U. P. Ry. Co.,* 2 Utah 507. There an application was made to the Supreme Court to permit the appellant to file the assignment, but the same was denied, the court, in effect, holding that an assignment of errors, which had not been filed in the court below as required by the statute, could not be filed in this court. In the course of the opinion it was said:

"The assignment of errors is the main feature of the statement on appeal, authorized by the section of the statute referred to. The statement amounts to nothing without it. The evidence is merely incidental to the assignment of errors, to explain and show in what the alleged errors consist. The allowance at this time of the filing of such assignment is to allow now the filing of a statement. The statute requires that this be done in the district court, and within a limited time, and that a copy be served upon the respondent, who can within a specified time thereafter propose amendments, serving a copy thereof on the appellant; and, then, the statement and amendments are to be presented to the judge or referee who tries the case, upon two days' notice to the respondent, and then the judge or referee shall thereupon settle the statement. This statute has not been followed, nor attempted to be followed. It is a statute made not only for the benefit of the parties, but also for the assistance of the court, by not requiring the court to wade through a mass of evidence or testimony, oral or documentary, that may be immaterial to the case upon the appeal."

It is true that, since that decision, the statute has been amended, but not so as to militate against the authority of that case, regarding the points herein considered. The assignment of errors not being available, the record presents no reversible error.

For the foregoing reasons I concur in affirming the judgment.

This case having received further consideration by the court, since the above concurring opinion was written, I deem it important to make some further observations respecting the important question of practice presented by the record and motion. And, first, it may be observed that, in the case of *Bankhead v. U. P. Ry. Co.,* 2 Utah 507, the word "assignment" was used in the sense of specification of errors.

This is clear from the opinion in that case wherein are contained frequent references to the statute that related to the settlement of the statement. The majority in their opinion, however, say:

"The ruling in that case was made under the civil practice act of the then territory of Utah, essentially different from the present practice and Code relating to records on appeal and to the settlement of a bill of exceptions."

Section 330 of the civil practice act referred to (Laws 1870, p. 78), and upon which the decision in that case was based, reads as follows:

"When the party who has the right to appeal wishes a statement of the case to be annexed to the record of the judgment or order, he shall, within twenty days after the entry of such judgment or order, prepare such statement which shall state specifically the particular errors or ·grounds upon which he intends to rely on the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified and no more, and shall file the same with the clerk, and serve a copy thereof upon the adverse party. The respondent may, within five days thereafter, prepare and file amendments to the statement, and shall serve a copy thereof on the appellant; the statement and amendments shall be presented to the judge or referee who tried or heard the case, upon notice of two days to the respondent, and a true statement shall thereupon be settled by such judge or referee if no amendments are filed, the statement may be presented to the judge or referee for settlement without any notice to the respondent.

The statute under which this case has been tried, in section 3284, Revised Statutes 1898, as amended in section 1, c. 40, p. 33, Sess. Laws 1903, provides:

"No particular form of exception is required, but when the exception is to the verdict or decision, upon the ground of insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated, with so much of the evidence or other matter, as is necessary to explain it. The stenographer's notes of the evidence may be stated. Documents on file in the action or proceeding may be copied, or the substance thereof stated, or a reference thereto, sufficient to identify them, may be made."

Section 3286, Revised Statutes 1898, so far as material here, reads:

"When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment if the action were tried by a jury, or after receiving notice of the entry of judgment if the action were tried without a jury, or after the determination of a motion for a new trial, prepare the draft of a bill, and serve the same, or a copy thereof, upon the adverse party. Such draft must contain all the exceptions taken upon which the party relies. Within ten days after such service the adverse party may propose amendments thereto, and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to adverse party, or be delivered to the clerk of the court for the judge. When received by the clerk he must immediately deliver them to the judge, if he be in the county; if he be absent from the county and either party desire the papers to be forwarded to the judge, the clerk must, upon notice in writing from such party, immediately forward them by mail or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county. When received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation. At the time designated the judge must settle the bill. If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge for settlement, without notice to the adverse party. It is the duty of the judge, in settling the bill, to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible."

The statement on appeal then, was similar to our present bill of exceptions, and, since that decision, there has been no amendment to that statute changing the place where assignments or specifications of errors are to be presented, as will be noticed by a comparison of the sections quoted. The amendments simply require more particularity and detail, respecting the making of the specifications and settlement of the bill.

The provision in section 3286, Revised Statutes 1898, that "such draft" of the bill of exceptions "must contain all the exceptions taken upon which the party relies," excludes, by implication, all objections and exceptions, taken during the

course of the trial, upon which the party appealing does not rely for a reversal, and this is in perfect harmony with the provision in the amended section, 3284, which provides that "the objection must be stated with so much of the evidence or other matter, as is necessary to explain it," and which, likewise, excludes all evidence and other matter not necessary to explain the objection or exception. When, therefore, these provisions of statute are construed together, their plain meaning is that the bill of exceptions, when settled, shall contain all the objections and exceptions upon which the appellant relies, but no others, with only such evidence or other matter, as is necessary to explain such exceptions. These provisions, thus construed, are also in entire accord with the further provision in section 3286, which makes it "the duty of the judge, in settling the bill, to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible." It seems manifest that a substantial compliance with the statutory provisions, upon this subject, absolutely requires a specification or assignment of errors to be presented and settled in the bill of exceptions, and this legislative requirement coincides with sound reason and good practice; for, every practitioner knows that since shorthand reporting has become a feature in the trial of causes, many objections are made and exceptions taken upon which ultimately no reliance is placed for reversal, and that much matter, relating to, or intended to explain, only such objections and exceptions, is introduced which can serve no useful purpose in the appellate court. Why, then, by judicial construction and rule of court, render it necessary, against the clear intent of the Legislature, to include matter in the bill of exceptions which can serve but to obscure the real points upon which the appellant relies? Why entail upon litigants the expense of transmitting to the appellate court such redundant and useless matter?

That the consequences indicated will follow this decision, is clear from the fact that henceforth a respondent, having now no means of learning what errors will be relied upon until the transcript is filed in the Supreme Court, in order

to defend any point that may be raised against the judgment, must insist that all evidence and other matter introduced, whether useless or otherwise, be stated and settled in the bill of exceptions. This is, doubtless, the only safe course for him to pursue. It may thus be observed that the practice, countenanced and established by this decision, and prescribed by rule 26 which was adopted by the majority, is not only out of harmony with the legislative intent, but also at war with the practice as declared in the Bankhead Case, where this court held that an assignment of errors, which was practically the same thing as the specification of errors under the amendments to the statute, to be of avail on appeal, must be stated and presented to the trial court, with only so much of the evidence as is necessary to explain the exceptions, and then settled in the statement. In that case the court said:

"The evidence is merely incidental to the assignment of errors, to explain and show in what the alleged errors consist."

So here, the evidence is merely incidental to the specification of errors, to explain and show in what the specified errors consist. The court in that case, with reference to the filing of such assignment for the first time in the Supreme Court, further said:

"The allowance at this time of the filing of such assignment is to allow now the filing of a statement. The statute requires that this be done in the district court," etc.

Precisely the same thing is true under the amended statutes, respecting the filing of the specifications of errors. That case is squarely in point here, and this decision of the majority clearly overrules it. That the same questions, here under consideration, were there presented and decided is manifest from the opinion, where it stated:

"In the court below the appellant filed a statement containing the evidence, and showing exceptions to the rulings of the court upon questions arising in the course of the trial upon the introduction of evi-

dence, but, beyond these exceptions, there was nothing in the nature of assignment of errors, or grounds upon which the appellant intended to rely on the appeal. The respondent objects to the cause being heard in this court upon the evidence, for the reason that there is no assignment of errors, as required by section 330 of our civil practice act. The appellant urges that the exceptions taken at the time of the rulings of the court below upon the introduction of evidence, are a sufficient assignment of error under the statute. In order, however, that the assignment may be formally made, he now presents, and asks that he be allowed now, in this court, to file the same.''

So, in this case, the appellant filed, in the court below, a statement or bill containing the evidence and showing the exceptions to the rulings of the court upon questions arising in the course of the trial upon the introduction of evidence; but, beyond these exceptions, there is nothing whatever, in the bill, in the nature of assignment, or specification of errors, or grounds, or exceptions specified, upon which the appellant intended to rely on this appeal—no specification whatever of particulars, as required by the statute, showing wherein the evidence is insufficient to sustain the findings, and yet the principal questions are raised upon the findings. This court now, upon exactly the same kind of a record as was presented in that case, holds as correct practice what the appellant there urged—"that the exceptions taken at the time of the rulings of the court below upon the introduction of evidence, are a sufficient assignment of error under the statute"—but which the court then repudiated as insufficient, holding, at the same time, that no assignment could be permitted to be filed in the appellate court when the errors, upon which the appellant intended to rely, had not been specified and presented to the court below for settlement. This court now declares that to be a proper practice, which in that case it held to be improper and unauthorized, and it is idle to attempt to excuse this holding and distinguish that case from this, by asserting, as in the opinion of the majority, that there "no assignment was made in either court, nor was the statement on appeal served or settled as required by the practice act," and that "here no question is raised to the service, settlement, or authenticity of the bill of exceptions."

There no assignment was filed in the appellate court because the court would not permit it, while here it was filed without asking for permission. In that case, same as here, there was no question that the statement or bill was not properly served. The counsel for the respondent merely complained: "When we refer to the record or statement on appeal, we find no assignment of errors; or, in the language of the statute 'the particular errors or grounds upon which he, the plaintiff, intends to reply.'" Precisely the same thing is true here, when we look into the record or bill of exceptions we find no specification or assignment of the particular errors upon which the appellant relies, and here the identical question was raised by proper plea, and the question is not as to the "service, settlement, or authenticity of the bill of exceptions," but as to the sufficiency of a bill of exceptions, where findings are attacked, which contains no specification of the errors upon which the appellant relies, nor any specification of the particulars wherein the evidence is alleged to be insufficient.

In the Bankhead Case the court said:

"It is a common practice to make a variety of exceptions to the rulings of the court, but it is equally common for the appellant to designate upon which of such exceptions he intends to rely on his appeal. This is requisite to prevent the record from being unnecessarily burdened with statements of facts and details of unimportant matters, and to give the opposite party timely notice of the specific grounds of objection which he will have to meet."

That case upheld a practice which has ever since been uniformly followed within this jurisdiction, and, to shake off its authority, my Brethren have based their decision upon a mere technical assignment of errors and rule, neither of which has any place under our statutes, which statutes require only specifications of errors, not assignments in the technical sense, settled in the bill of exceptions, although, if such specifications, so settled, be denominated assignments, it is immaterial. It is true my Brethren recently adopted rule 26, which relates to a technical assignment of errors to be filed in this court, but, in my judgment, that rule is a

useless thing, without statutory requirement, and serves but to entail unnecessary expense upon litigants, to establish an unwise practice, and, doubtless, in many instances, to prolong litigation by opening the door to an appeal for the correction of an error which might be corrected by the trial court, upon its attention being called to it, before settlement of the bill of exceptions. Nor was it ever the practice within this jurisdiction, to consider assignments of error, relating to findings of fact and insufficiency of the evidence, as in this case, made and filed only in this court, when, as here, there were no specifications made and settled in the bill. When specifications with particulars and the exceptions are properly settled and stated in a bill of exceptions, as required by the statutes, and as has hitherto been the practice, and then the points, relied upon for a reversal, concisely stated in the briefs, with proper references to the abstract or transcript, as required by rule 10, the case is properly and sufficiently presented, under our practice, for review, without any further assignment of errors. The majority also say:

"No question is presented as to the specifications of particulars wherein it is claimed the evidence is insufficient to support the findings, as required by section 3284, Revised Statutes 1898, and as amended by section 1, c. 40, p. 33, Sess. Laws 1903, and none could be made, for such specifications were made with great particularity."

In reply it may be said that the question, presented by this record and motion to strike out, is not whether specifications of particulars were made in this assignment, but, as has been noticed, whether any specification of errors, relied upon for a reversal, was made and settled in the bill of exceptions, showing the particulars wherein the evidence is claimed to be insufficient to sustain the findings. The record shows that no exceptions and no specifications of errors were stated, or presented to the court below, or settled in the bill of exceptions, as required by the statute; and yet a compliance with the statute in these regards would not have presented a difficult task.

Upon examination of section 3284, as amended, it will

be noticed that no exception is required to be made in any particular form of words, but when an exception is directed to the verdict or decision, upon the ground that the evidence is insufficient to justify or support it, the objection must specify wherein the evidence is insufficient.    The specifications thus required to be made should refer to and contain whatever evidence and matter is necessary to explain the objection, and should distinguish each particular proposition of fact, to which the exception relates, from all others involved in the verdict or found by the court.    Just when such specifications shall be made is not apparent from the original section of the statute or its amendments, but it is clear, because of the reference, in the last two sentences of the last enactment, to stenographer's notes, documents, etc., that the intention was not to require them to be made immediately upon taking the exception or at the trial, since no such reference would be practicable at that time.    If, therefore, an exception is reduced to writing and the specifications are made within a reasonable time after the exception is taken, or saved by operation of law, and before the settlement of the bill of exceptions, it is a sufficient compliance with the terms of the statute.    Notwithstanding that the statute says the "stenographer's notes of the evidence" may be stated, only so much of the evidence ought to be stated or specified under each of such exceptions as is necessary to explain the point relied upon.    Mere argumentative matter and opinions of counsel as to what the evidence shows are not proper in a specification.    But whether the exception was taken in person at the trial, or is deemed in law to have been taken, the same should be reduced to writing and settled in the bill of exceptions.    Such was the ruling in California from which state our statute was borrowed.    In *Nash v. Harris*, 57 Cal. 242, construing their statute, it was said:

"A party who has excepted to a decision of court, whether he excepted in person at the time the decision was made, or is deemed in law to have excepted, must, in statutory or reasonable time after his exception, avail himself of the right to reduce the same to writing, and take the steps required by law to have the bill of exception settled and signed by the judge."

Each exception, upon which the party excepting relies, including the specification of particulars, should, then, to be considered on appeal, be made a part of the bill of exceptions to be thereafter settled by the court, in the manner provided in section 3286. The Legislature has thus prescribed a plain and practicable method to prepare material to be embraced and settled in the bill of exceptions, and, if it would be followed with that precision which its importance demands, much useless and redundant matter, which serves more to obscure than to elucidate the points relied upon, could be kept out of the bill, and the appellate court could much more readily obtain a clear conception of the case.

These observations apply with equal force in cases where motions for new trial have been interposed, and the practice, on this subject, prescribed by our laws, is similar to that in other Code states. This is especially so in California. In *Baird v. Peall*, 92 Cal. 235, 28 Pac. 285, it was said:

"There is no specification in the bill of exceptions that any one of these propositions is not justified by the evidence, as required by section 648 of the Code of Civil Procedure. Each distinct proposition excepted to on the ground that it is not justified by the evidence should be separately specified; and no statement of the evidence, nor deduction therefrom by way of argument, is proper in connection with the specification. What 'the evidence shows' should not be argued or considered until the hearing of the motion."

So, in *Adams v. Helbing*, 107 Cal. 298, 40 Pac. 422, it was said:

"It is also claimed that the findings were not justified by the evidence, but this point cannot be considered. The only specifications attached to the statement are found under the head of 'Specification of Errors,' and are brief statements of what 'the evidence shows.' Such specifications are insufficient. 'It is not necessary that the specifications should state what the evidence does show. Such a statement is insufficient if standing alone, and surplusage if joined to a proper specification.'"

In *Dawson v. Schloss*, 93 Cal. 194, 29 Pac. 31, it was observed:

"The principal object of requiring these specifications on motions for a new trial and bills of exceptions is to abbreviate the statement of evidence by restricting it to such as is relevant and material to prove or disprove the specified fact. By the specifications required, the opposing party and the judge are notified of the exact points of contest, and thereby enabled to determine what evidence should be brought into the statement and what should be excluded therefrom. Without such specifications, the judge could not perform the duty enjoined upon him 'to strike out of it [the statement or bill of exceptions] all redundant and useless matter,' and to make the statement truly represent the case."

Likewise in *Eddelbuttel v. Durrell,* 55 Cal. 277, it was observed:

"The purpose of the statute is apparent. It was to direct the attention of the court and counsel to the particulars relied on by the moving party, to the end that the evidence bearing on the specifications of error might be inserted in the statement, and considered by the court." (Hayne New Tr. & App., sec. 150; *De Molera v. Martin,* 120 Cal. 544, 52 Pac. 825; *Bardwell v. Anderson,* 18 Mont. 528, 46 Pac. 443; *Spotts v. Hanley,* 85 Cal. 155, 24 Pac. 738; *Kumle v. Grand Lodge, A. O. U. W.,* 110 Cal. 204, 42 Pac. 634; *Haight v. Tryon,* 112 Cal. 4, 44 Pac. 318; *Caldwell v. Greely,* 5 Nev. 258; *Bankhead v. Ry. Co.,* 2 Utah 507.)

The cases here referred to, and many others clearly show that, under statutes like ours, the specification of errors, with particulars, must be made and settled in the bill of exceptions, and if, as shown by the authorities mentioned and quoted from, specifications, which are merely defective, but which have been settled in the bill of exceptions or statement, will not be considered on appeal, what justification is there for the consideration of objections and exceptions where, as in this case, no attempt was made to have a specification of errors settled in the bill? The rule and reasons therefore which exclude from consideration errors merely defectively specified, apply, *a fortiori,* to a case like this, where the law, the practice and the former decision of this court have been completely ignored. As is indicated by the authorities, the principal object of the law, in requiring each exception to be thus settled in a bill of exceptions, is to direct the court's attention to the alleged errors and particulars relied upon by the complaining party, and afford it an oppor-

tunity to make corrections before settlement of the bill, and also to advise opposing counsel of the points which will be urged on appeal. The wisdom and justness of the law cannot be doubted, since it affords the trial court an opportunity to correct errors which would otherwise necessitate an appeal and prolong litigation. Not only should the errors relied upon be specified and presented to the court below for settlement in the bill of exceptions, but the matter to be settled should be arranged in the bill and the abstract, as near as practicable, in the order in which it was submitted upon the trial; and useless and redundant matter should, so far as possible, be eliminated. The obvious reason for such arrangement of the matter is that it may be brought before the appellate court as near as may be in the order in which it was submitted to the trial court, and thus place the court of review in the same relative position, in the consideration of the questions presented and involved. Where each exception relied upon with the particulars, as hereinbefore mentioned, is made a part of the bill of exceptions, it is not necessary to include in such bill also an assignment of errors in which the same things are again specified. All that is necessary, where the bill is properly prepared and settled, under the law, is, as has been observed, for each point relied upon to be concisely and accurately stated in the briefs, with proper reference to the exception and specifications of particulars. The exceptions and specifications thus made and contained in the bill of exceptions constitute a sufficient assignment or specification of errors.

Thus, upon careful consideration, I am unable to concur in establishing a practice which, in my judgment, is unwise and unauthorized by our statutes, believing it better to remain in the well beaten path sanctioned by time and authority, than to wander away into confusion and uncertainty, especially so since such a departure in this instance, as in other instances, has led to the overruling of the unanimous decisions of this court, and to the casting to the air of the general maxim, *"Stare decisis, et non quieta movere."* When a decision has once been made by a court of last re-

sort, it should require strong and controlling considerations to overrule it and lay again the foundation of a law or to give a different construction to a statute. I fear that the confusion in practice, of which the majority speak, is but the inevitable result of the overruling of former decisions and of the departure from established precedents.

For these reasons, I dissent from that portion of the decision of the majority which relates to the question of practice.