## LYON v. MAUSS et al.

No. 1776. Decided Dec. 12, 1906 (87 Pac. 1014).

1. APPEAL—NOTICE—SUFFICIENCY.—That the notice of appeal shows an attempt thereby to appeal from the order overruling motion for new trial is immaterial if the notice is otherwise sufficient, as such part is mere surplusage.

2. SAME—TRANSFER OF CAUSE.—Though a transcript is not prepared in strict conformity with the rules of the court, and the abstract and briefs are served and filed a few days after time, the right to be heard will not be denied where no matter of substance has been disregarded and no material prejudice results.

3. SAME—ASSIGNMENT OF ERRORS—NECESSITY.—An appeal will be dismissed for an entire failure to comply with Supreme Court rule 26, requiring appellant to assign errors in writing, signed by himself or counsel, and serve a copy thereof on the respondent and file the original with the clerk of the Supreme Court five days from the time of the filing of the transcript and permitting respondent to assign cross-errors.

4. SAME—SUFFICIENCY.—Supreme Court rule 26, requiring appellant to assign errors in writing, signed by himself or counsel, to be served on the respondent and filed with the clerk of the Supreme Court, is not complied with by appellant placing in his abstract what purports to be an assignment of errors.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by George E. Lyon against Michael Mauss and Charles Brown. From a judgment for plaintiff, defendants appeal.

APPEAL DISMISSED.

*Powers & Marioneaux* and *Stephen L. Richards* for appellant.

*Kinney & Wilson* for respondent.

FRICK, J.

This action is one for damages, based upon an alleged malicious abuse or misuse of legal process issued by a justice of the peace at the instance of defendants against the plaintiff. A trial was had which resulted in a judgment in favor of plaintiff, and the defendants appeal.

At the very threshold of the case we are met by a motion to dismiss the appeal for certain specific irregularities. Some of these need no extended consideration. The objection to the notice of appeal, for the reason that an attempt is made thereby to appeal from the order overruling the motion for a new trial, is not tenable for the reason that the notice otherwise is sufficient. The part referring to the order overruling the motion is therefore mere surplusage. This objection is, therefore, overruled.

The objections that the transcript is not prepared in strict conformity with the rules of this court, and that the abstract and brief were served and filed a few days after the time when they should have been filed, are merely technical, and have, so far as appears, in no way affected the plaintiff in his rights, nor in any manner interfered with the regular and orderly proceedings of this court. The right to be heard on appeal in this court is not only a substantial, but a valuable, right. We are not disposed to deprive a party of this right upon mere matters of form or practice, where no matter of substance has been disregarded and no material prejudice results to the opposite party or other litigant in this court. These objections are, therefore, likewise overruled.

There is one objection to the consideration of this appeal, however, which is more serious, and, in view of its importance, we cannot overlook where, as in this case, it is insisted upon by the respondent. Rule 26 of the printed rules of this court provides among other things:

"The appellant shall assign errors in writing, subscribed by himself or his counsel, and shall serve a copy thereof on the respondent or his counsel, and file the original with the clerk of this court within five days from the time of the filing of the transcript of the record on appeal."

The rule provides, in substance, further, that, if the respondent desires to assign cross-errors, he must prepare and sign them in the same manner and serve and file them within five days from the time appellant's assignments were served. This is followed by giving directions in respect to the preparation of the assignment of errors upon certain grounds, and with the provision that so much of the assignment of errors as may be relied on in this court shall be printed in the printed abstract filed in this court as the same is required to be prepared and filed by rule 6 (29 Utah vii, 49 Pac. xi). Rule 26 became effective November 1, 1905, and by its terms applies to all cases filed in this court after that time. The transcript in this case was filed in this court on the 20th day of July, 1906, more than eight months after the rule went into effect. The rule was carefully considered by this court prior to and at the time of its promulgation, and was adopted for the express purpose of authoritatively settling the question of when, where, and how the assignment of errors upon which the appellant intends to rely in this court should be prepared, filed, and served. The rule is a most salutary one, in that it is intended to and does establish order, where, before its adoption, there existed more or less chaos in respect to the preparation and filing of assignments of error, as is well illustrated by both the majority and minority opinions in the case of *Smith Table Co. v. Madsen* (30 Utah), 84 Pac. 885, decided by this court February 21, 1906. The purpose of the rule is there clearly set forth by Mr. Justice Straup. The assignment of errors is the groundwork of the case in this court. Without errors being assigned, there is nothing before this court. The bill of exceptions and the transcript of the record made in the lower court are brought here by the notice of appeal, but without more present nothing for review.

It must not be overlooked that this is a court of review, not one of first instance. In order, therefore, that a review may be made, there must be something to review. The only way that this may be done is that the aggrieved party point out what matters he desires reviewed in this court and the grounds upon which he relies. To attempt to present a case

for review in this court without an assignment of errors would, in effect, be analogous to a trial court attempting to try a case without pleadings. While no doubt both fact and law could be determined, to some extent at least, without either pleadings or assignment of errors, such under our system of jurisprudence and practice would be neither permissible nor tolerable. But the purpose of the rule extends beyond this. The assignment of errors when filed apprises the opposite party of the precise matter he will have to meet in this court. But not only this. It is intended as the only reliable guide to be followed in the preparation of the case on appeal. By rule 6 the appellant must prepare a printed abstract or abridgment of the record, in which must appear the matters upon which the alleged errors are based. By rule 7 the respondent may, if he deems it necessary, prepare a further abstract. This is for the sole purpose of allowing him to show that, when the whole record is inspected, no error was in fact committed, or, if committed, it has been cured. Suppose the appellant assigns error, but does not print the whole record respecting the matter to which the error is directed, how is respondent to meet it except by a recourse to rule 7? But, if appellant files no assignment of errors at all how can respondent ascertain what he must meet, and how can he prepare his additional abstract to illustrate the precise matter to be reviewed by this court and of which appellant complains without setting forth all matters deemed material by respondent? Rule 26 was designed to meet just this difficulty, and, further, to compel the making of a fixed record to which reference may be had by all interested parties, as well as this court, to determine just what is presented for review. The time to prepare and file the same was fixed for the purpose of having it on file before the case is prepared in this court by either party. In this case no assignment of errors was ever filed, nor was there any attempt to do so. It is true that in the abstract of appellant there appears what purports to be an assignment of errors. The argument, therefore, is that, inasmuch as the respondent had notice of the errors at that time and in that form, he cannot complain. A complete answer to this is that,

under the rules of this court requiring a printed abstract, nothing can legitimately appear therein except either a full transcript or an abridgment of some proceeding had in the case as the same appears in the record of the proceedings had in the court below.

The question, therefore, arises: Of what portion of the record in the case is the printed assignment of errors printed in the abstract filed in the case? The answer is obvious, that it is a mere interpolation of something into the record which is not found there. Quite true, the assignment of errors in no event is part of the proceedings of the lower court, but this court, by rule 26, required the assignment to be made a part of the record within five days after coming to this court, and is thus a part of the record when the abstract is prepared. Parties may not add anything to this record. If this were permitted, it would, in time, become impossible to determine just what constituted the actual record on appeal. The printed assignment of errors, as printed in appellants' abstract, therefore, is a matter wholly outside of the record in the case, and as such performs no legal functions. The record, therefore, stands as if no assignment of errors had been made. Indeed, no errors were assigned in contemplation of law and of the rules of practice, and therefore none can be considered by this court. This is not a case where an assignment of errors was filed out of time merely. In such a case, when a respondent in fact appears, and attempts to meet the errors assigned, and no prejudice appearing, we would have no hesitancy in holding that respondent had waived his right to object or to strike the assignment, whenever filed, from the files. But in view that no assignment was ever filed, none being on file at the time the case was heard in this court, and in view of the case of *Smith Table Co. v. Madsen,* supra, we must either annul rule 26, refuse to stand by the law as announced in the *Madsen Case,* or dismiss this appeal. The purpose of the rule being clearly stated in the case last above cited, and that case having been published in February before the filing of the transcript in this case in July following, there remains no reasonable excuse for not complying with the rule. In case a

party cannot file an assignment of errors within the time allowed by the rule, or for some other reason it is not done, this court will, no doubt, on proper application, grant leave to file, but in the absence of such leave and where, as appears in this case, no assignment was ever filed, we cannot do otherwise than dismiss the appeal.

The motion to dismiss the appeal in this case is therefore granted, and the appeal is dismissed, at the cost of appellant.

McCARTY, C. J., and MORSE, District Judge, concur.