### STERLING FURNITURE CO. v. TOBIAS.

No. 5100.   Decided January 12, 1935.   (39 P. [2d] 765.)

*R. H. Baumunk,* of Ogden, for appellant.
*Romney & Nelson,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

This is an appeal from a judgment entered in favor of respondent in the court below. The transcript on appeal consists of the judgment roll in the cause made up in the district court of Weber county, Utah, together with a number of exhibits used at the hearing, the notice of appeal, and an impecunious affidavit in lieu of a cost bond on appeal. No assignment of errors was filed in this court and, so far as the record shows, none was served on respondent or its attorney. Rule 26 of the Rules of Practice of this court provides:

"The appellant shall assign errors in writing, subscribed by himself or his counsel, and shall serve a copy thereof on the respondent or his counsel and file the original with the clerk of this court within fifteen days from the time of the filing of the transcript of the record on appeal. * * *"

This court has uniformly held that an alleged error will not be reviewed unless assigned. Mr. Justice Straup, the present Chief Justice, in speaking of the purpose and basic nature of the assignment of errors, has said:

"It is, in effect, appellant's complaint in the appellate court and performs the same function as an initial pleading in the court below. It is the foundation upon which rests the right of the appellate court to review the errors imputed to the trial court." *Smith Table Co.* v. *Madsen,* 30 Utah 297, 84 P. 885, 886.

The assignment of errors is the groundwork of the case in this court. Without errors being assigned there is nothing before the court. The transcript of the record made in the court below is brought here by notice of appeal, but, without more, presents nothing for review. Such is the holding of this court in *Lyon* v. *Mauss et al.,* 31 Utah 283, 87 P. 1014.

To prepare, serve, and file an assignment of errors, as required by statute or rule of court, are not mere matters of form, but are matters of substance; and it has been held that the court has no discretion in the matter except in so far as given by the statute or rule. 3 C. J. §§ 1481, 1462. There are, of course, exceptions to this general rule which, for the purposes of this case, need not be considered.

While the defendant set forth in his abstract what purports to be an assignment of errors, that does not suffice. *Lyon* v. *Mauss et al., supra; American Trust Co. of St. Louis* v. *Millard County Drainage Dist. No.* 3, 75 Utah 309, 284 P. 1000.

It follows that this appeal must be dismissed, which, by force of R. S. Utah 1933, 104-41-20, is equivalent to an affirmance of the judgment.

Let the appeal be dismissed. Costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.