HENRY J. HOWELL, RESPONDENT, *v.* S. H. H. CLARK ET AL., RECEIVERS, APPELLANTS.

APPEAL—TIME FOR FILING TRANSCRIPT.

Where 30 days have expired, after an appeal was perfected, before the record was certified to be correct by the attorneys for the respective parties, or by the clerk of the district court, and filed with that officer, and no extension of time was given, and it does not appear the failure to file in time was induced by

any promise or conduct of the respondent or of his attorney; and a motion to dismiss was made on the first day of the next term of this court, after the appeal, the motion to dismiss will be granted.

(No. 872. Decided March 22, 1898.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by Henry J. Howell against S. H. H. Clark and another. Plaintiff had judgment, and defendants appeal. *Dismissed.*

*Williams, Van Cott & Sutherland,* for appellants.

*Richards & Macmillan,* for respondent.

PER CURIAM:

This is an appeal by the defendants from a judgment of the district court rendered against them, as receivers, for the sum of $1,000, damages to the plaintiff in consequence of being unlawfully ejected from its railway train. The appeal was perfected on the 4th day of September, 1897, but was not certified to be correct by the attorneys of the respective parties, or by the clerk of the district court, and filed with that officer, until the 19th day of October following, and was not filed with the clerk of this court until the next day, being 16 days after the 30 days had expired within which a rule of this court required it to be filed; nor was any extension of time given. The excuse for not filing the transcript in time was that defendants' attorney at Ogden filed the notice of appeal duly served upon opposite counsel, and the undertaking on the same or the next day after the appeal was perfected, and that he requested the clerk at that time to make up and transmit the record on appeal immediately, and that he did not

know the clerk had not done so until the 16th of the next month.

It does not appear that the delay or the failure to file in due time was induced by any promise or conduct of the plaintiff or of his attorney, and this motion to dismiss was duly made on the first day of the next term of this court after the appeal. After defendants' counsel had served abstracts and briefs on plaintiff's counsel, the latter asked additional time in which to prepare briefs. But it does not appear when plaintiff's counsel first learned the transcript had not been filled in time. As soon as they learned of it, they should have informed the defendants' counsel, so that the expense of preparing abstracts and briefs might have been avoided. In view of appellants' neglect, and of the facts and circumstances attending it, we are of opinion that the motion to dismiss the appeal should be allowed. Appeal dismissed with costs.