## STATE v. GRISOLIO.

No. 2913.  Decided December 29, 1916 (162 Pac. 613).

CRIMINAL LAW—APPEAL AND ERROR—TIME OF FILING TRANSCRIPT. Where defendant upon appeal from a conviction of rape failed to comply with Comp. Laws 1907, section 4966, and with rule 10 (33 Utah viii, 97 Pac. viii), requiring transcript to be filed within ten days from settlement of bill of exceptions, transcript being filed nearly eight months thereafter and no application being made for further time, the appeal will be dismissed.

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Joseph Grisolio was convicted of statutory rape. He appeals.

APPEAL DISMISSED.

*Marioneaux* and *Stott* for appellant.

*A. R. Barnes, Atty. Gen.,* and *E. V. Higgins* and *G. A. Iverson,* Asst. Attys. General for the State.

FRICK, J.

The defendant, in 1915, was duly charged with having had carnal knowledge of a female under the age of eighteen and over the age of thirteen years. On August 2, 1915, the jury

returned a verdict of guilty. On August 7th following, the defendant filed a motion for a new trial, which on said day, was denied, and he was then sentenced to the state prison for an indefinite term. On August 7, 1915, defendant filed and served his notice of appeal to this court. On August 23d following, a bill of exceptions was duly settled, allowed, and filed. On April 11, 1916, the transcript on appeal was filed with the clerk of this court, and on the 22d day of that month defendant's abstract, including his assignments of error, was filed. On November 6, 1916, on which day the case was set down on the calendar for hearing, the state objected to proceeding with the argument in the absence of a brief on the part of the defendant, and the Attorney General then suggested that the case had been unduly delayed. On that day this court made an order giving defendant ten days in which to file a brief, subject to the state's right, however, to move to dismiss the appeal on the ground of defendant's failure to comply with the rules of this court in preparing the case for hearing, and the state was given ten days after the defendant's ten days had elapsed to file a motion to dismiss the appeal if it was so advised. On the 19th day of December, 1916, or nearly forty days after defendant's ten days within which to file his brief had expired, the state filed its motion to dismiss the appeal on the ground that the defendant has failed to comply with rule 10 (33 Utah viii, 97 Pac. viii) of this court, and upon the further ground that he has failed to comply with the order of this court of November 6, 1916.

We cannot see how this appeal can be sustained. In the first place, the defendant has utterly failed to comply with the statute in filing his transcript on appeal. Our statute (Comp. Laws 1907, section 4966), in substance, provides that, in case an appeal is taken by serving and filing notice of appeal in a criminal case, the transcript must be transmitted to the clerk of this court within ten days ''from the settlement of the bill of exceptions.'' As pointed out, the notice of appeal in this case was served and filed August 7, 1915. The bill of exceptions was settled on the 23d day of the same month, while the transcript on appeal was not filed with the

Appeal from Third District.

clerk of this court until April 11, 1916, or nearly eight months after the bill of exceptions was settled and more than eight months after the notice of appeal was served and filed. No application for an extension of time within which to file the transcript on appeal was either applied for by the defendant or granted by this court, or any judge thereof.

In view therefore that the defendant has complied with neither the rules of this court nor with the statute in presenting his appeal to this court, the motion to dismiss the appeal should be granted, and the appeal dismissed. Such is the order.

STRAUP, C. J., and McCARTY, J., concur.