## GEE v. SMITH et al.

No. 3265.   Decided Nov. 22, 1918.   (176 Pac. 620.)

1. APPEAL AND ERROR—FILING OF TRANSCRIPT—EXTENSION OF TIME.
The Supreme Court or any justice thereof will extend the time in
which to file transcript beyond the thirty days after the appeal is
perfected, under Comp. Laws 1907, Section 3305, within which trans-
cript must be filed, as required by section 3317, and Supreme Court
Rules 2, 3, (33 Utah, vi, 97 Pac. vii), upon application therefor,
where reasonable cause for such extension is shown.   (Page 603.)

2. APPEAL AND ERROR—FILING OF TRANSCRIPT—DELAY—SUFFICIENCY
OF EXCUSE.   Appellant's failure to file transcript within 30 days
from perfecting of appeal under Comp. Laws 1907, Section 3305, as
required by section 3317, and Supreme Court Rules 2 and 3 (33
Utah, vi, 97 Pac. vii), was not excused by failure of clerk of lower
court to notify appellant that he had been informed by clerk of
Supreme Court upon forwarding of transcript within required thirty
days that filing fee had not been paid; the paying of such fees
under sections 964, 967, being as much a part of the filing of the
transcript as the delivery of the record.[1]   (Page 604.)

3. APPEAL AND ERROR—FILING OF TRANSCRIPT—PAYMENT OF FEES.
Under Comp. Laws 1907, Sections 3305, 3317, and Supreme Court
Rules 2 and 3 (33 Utah, vi, 97 Pac. vii), a transcript of record is
not filed where filing fee under sections 964, 967, is not paid.   (Page
604.)

Appeal from the District Court of Utah County, Fourth
District; *Hon. A. B. Morgan*, Judge.

Action by Elias A. Gee, as administrator of the estate of
George Baum, deceased, against Thomas J. Smith and others,
in which defendants set up a counterclaim.

From that part of the decree allowing the set-off, plaintiff
appeals.

APPEAL DISMISSED.

*J. H. McDonald* for appellant.

[1]*Howell* v. *Clark*, 16 Utah, 410, 52 Pac. 631.

*Parker & Robinson* for respondents.

BRAMEL, District Judge.

An action on a note and mortgage. Defendants set up certain counterclaims which were allowed by the court below as a set-off against the mortgage debt, and a foreclosure was decreed as to the balance of the mortgage debt then remaining unpaid. Plaintiff appeals from that part of the decree allowing the set-off.

Respondents move to dismiss appellant's appeal on the ground that the record on appeal, or "transcript," as it is usually called, was not filed in the Supreme Court within 30 days after the appeal was perfected in the court below.

An appeal is perfected when notice of appeal has been served and filed and the bond required by statute has been filed. Comp. Laws 1907, section 3305.

It is provided by statute, Comp. Laws 1907, section 3317, that an appeal may be dismissed for the failure of appellant to file in this court the record on appeal within thirty days after perfecting such appeal. The same provision, in substance and effect, is contained in Rules 2 and 3 of this court (33 Utah VI, 97 Pac. vii).

The identical delinquency complained of by respondents in this case has been discussed by this court in other cases. There are certain rules of procedure and of limitation touching appeals that must be enforced more or less rigorously for the purpose of establishing order in this court, and for the additional purposes of compelling progress in litigation and relieving interested parties from uncertainty and anxiety. The rule invoked belongs to this class.

The law in question is not a rule sacro sanct. If application for an extension of time within which to file the transcript is made in advance to this court or to any justice thereof, and any reasonable cause for such extension is shown, an extension will undoubtedly be granted. Likewise, if the filing is a few days late, and any reasonable, sufficient cause for the delay is shown, the failure

to file may be excused. *Butter v. Lamson,* 29 Utah, 439, 82 Pac. 473; *Lyon v. Mauss,* 31 Utah, 283, 87 Pac. 1014.

In this case the appeal was perfected on May 16, 1918. The transcript was sent to the clerk of this court by the clerk of the district court within thirty days from that date, but the filing fee was not paid to the clerk of this court until August 23, 1918. Here is a delinquency of more than sixty days. Appellant seeks to excuse himself by showing that the clerk of the court below, after forwarding the record to this court, received a letter from the clerk of this court saying that the filing fee had not been paid, and that the clerk of the court below failed to communicate the contents or purport of said letter to attorney for appellant. The excuse offered declares war, so to speak, upon the presumption that every man knows the law. The fee of the clerk of the Supreme Court for filing a transcript on appeal is fixed by a statute that has been in force for more than twenty years. Comp. Laws 1907, section 967.

Another statute that has been in force for more than twenty years provides that the clerk of the Supreme Court (and other state officers) shall collect these statutory fees in advance for the use and benefit of the state. Comp. Laws 1907, section 964.

We must hold that appellant and his attorneys knew that the record would not be filed unless the filing fee was paid. Under our law the filing of the record consists of two acts, one of which is payment of the fee, and the other of which is delivering the record to the clerk. Neither act standing alone is a filing, or a half filing, or of any avail as a filing.

In the case of *Howell v. Clark,* 16 Utah, 410, 52 Pac. 631, appellant was sixteen days late in filing his transcript. He offered as an excuse the fact that his attorney in Ogden had ordered the clerk of the district court to make up the record immediately, but the clerk did not do so, and appellant did not know of the procrastination on the part of the clerk until after the period for filing the transcript had expired. The appeal was dismissed.

Appeal from Third District.

The excuse offered in this case is entitled to far less consideration than that offered in the case of *Howell v. Clark*. In enforcing laws and rules of the type in question, this court aims to exercise a just and reasonable discretion. These rules are not to be refined into a network of quirks and quibbles to enmesh those who seek to bring causes into this court; nor are they to be scoffed at, or lightly disregarded. One who fails to observe a law as to procedure or a plain rule of this court must, if the requirement is jurisdictional, pay the penalty by losing his appeal. If the rule is one that operates within limits of judicial discretion, he must excuse his failure by showing good faith, reasonable diligence, and a state of facts that appeals to judicial discretion. The excuse offered by appellant does not comply with these specifications.

The motion to dismiss the appeal is granted. Respondents to recover costs.

FRICK, C. J., and McCARTY, THURMAN and GIDEON, JJ., concur.

CORFMAN, J., disqualified.