### SWETIN v. MAGLEBY et al.

No. 3290.   Decided April 2, 1919.   (180 Pac. 177.)

APPEAL AND ERROR—DISMISSAL—TRANSCRIPT OF RECORD. Under Comp. Laws 1917, sections 6691, 6692, 7008, 7009, relating to procedure upon appeal, and Supreme Court rules 2 and 3 (33 Utah, vi, 97 Pac. vii), requiring a transcript of the record to be filed within thirty days after perfecting of appeal, an appeal will be dismissed where transcript was not filed until nearly six months after perfecting appeal.[1]

Appeal from the District Court of Sevier County, Sixth District; *Hon. H. N. Hayes,* Judge.

Action by Joseph Swetin against J. E. Magleby and Joseph F. Peterson.

Judgment for plaintiff. Defendants appeal.

DISMISSED.

*Parley Magleby* of Richfield, for appellants.

*Dilworth Woolley* of Manti, for respondent.

---

[1] *Butter* v. *Lamson,* 29 Utah, 439, 82 Pac. 473; *State* v. *Grisolio,* 49 Utah, 195, 162 Pac. 613.

CORFMAN, C. J.

This is an action brought by the plaintiff against the defendants to recover a specified sum alleged to be due and owing on contract. A trial to the court resulted in a judgment in plaintiff's favor.

The plaintiff here objects to our consideration of the appeal on several grounds specifically set forth in his motion for a dismissal of the appeal, made after due notice.. The principal objection made and assigned in plaintiff's motion for dismissal is that no transcript of the record has been filed in the Supreme Court in compliance with law and the rules of the court:

Comp. Laws 1917, section 6991 (3301) Civil Procedure, provides:

"An appeal may be taken within six months from the entry of the judgment or order appealed from."

Section 6992 (3302) provides:

"The judgment roll and bill of exceptions, if there be one, shall constitute the record on appeal to the Supreme Court."

Section 7008 (3316) reads:

"Upon an appeal being perfected, the clerk of the court from which the appeal is taken shall, at the expense of the appellant, forthwith transmit to the Supreme Court the papers constituting the record on appeal."

Section 7009 (3317) provides:

"If the appellant shall fail to cause such papers to be transmitted and filed in the Supreme Court within thirty days after the perfecting of an appeal, the appeal may be dismissed on motion of the respondent."

Rules 2 and 3 (33 Utah, vi, 97 Pac. vii) of the Supreme Court provide that—

"In all cases where an appeal shall be perfected, a transcript of the record shall be filed in this court within thirty days after such appeal shall have been perfected, unless further time is given by this court, or a justice thereof on good cause shown by affidavit," and, "if the transcript be not filed within the time prescribed or allowed, the appeal may be dismissed on motion."

In this case the record shows: That judgment was rendered April 3, 1918; entered April 5, 1918; notice of appeal

served and filed April 22, 1918; appeal bond filed April 25, 1918, and that the transcript on appeal was not transmitted to nor filed in the Supreme Court until October 19, 1918, nearly six months after the perfecting of the appeal. Clearly, the transcript was not filed within the time required by the statute, nor in accordance with the rules of the Supreme Court. Nor was any extension of time applied for or given by this court or a justice thereof. *Butter* v. *Lamson,* 29 Utah, 439, 82 Pac. 473; *State* v. *Grisolio,* 49 Utah, 195, 162 Pac. 613.

Other irregularities are assigned in plaintiff's motion for dismissal. However, they need not be considered here, in view of the fact that the appeal should be dismissed for the reason that the defendants have neither complied with the statute nor the rules of the court in filing their transcript as heretofore pointed out.

It is therefore ordered that the plaintiff's motion to dismiss the appeal be granted at defendant's costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.