## AMERICAN TRUST CO. OF ST. LOUIS v. MILLARD COUNTY DRAINAGE DIST. NO. 3.

No. 4932.   Decided January 29, 1930.   (284 P. 1000.)

*Tangren & Crafts,* of Delta, for appellant.
*Soule & Spalding,* of Salt Lake City, for respondent.

CHERRY, C. J.

From a judgment for defendant in an action to recover assessments for drainage improvements paid under protest, the plaintiff appeals upon a judgment roll including a purported bill of exceptions. The respondent has moved to strike the purported bill of exceptions and to dismiss the appeal. As the appeal must be dismissed, the motion to strike the bill of exceptions need not be considered.

The motion to dismiss the appeal is upon the ground (1) that the transcript of papers constituting the record on appeal was not transmitted to or filed in this court within the time prescribed by law and the rules of this court, and (2) that appellant has failed to serve or file an assignment of errors as required by the rules of this court.

The record shows that the notice of appeal, after being served, was filed in the trial court on May 27, 1929. The

transcript on appeal was filed in this court on September 3, 1929. No order was made extending the time for filing the transcript.

Compiled Laws Utah 1917, § 7008, prescribes the manner in which the papers constituting the record on appeal shall be made up and transmitted by the clerk of the court from which the appeal is taken, and section 7009 provides:

"If the appellant shall fail to cause such papers to be transmitted and filed in the supreme court within thirty days after the perfecting of the appeal, the appeal may be dismissed on motion of the respondent."

To the same general effect are rules 2 and 3 of this court.

In the present case the transcript was not filed in this court until 99 days after the appeal was perfected. This default is ground for dismissing the appeal. *Swetin* v. *Magleby,* 54 Utah 260, 180 P. 177; *Zion's Savings Bank & Trust Co.* v. *Spratley,* 61 Utah 502, 214 P. 1119.

No assignment of errors was ever made, served, or filed at all. The only reference to the subject is in the printed abstract of the record where a copy of a purported assignment of errors appears.

Rule 26 of this court requires the appellant to assign errors in writing, subscribed by himself or his counsel, and serve a copy thereof on respondent or his counsel, and file the original with the clerk of this court within 15 days from the time of the filing of the transcript of the record on appeal. Plainly, this requirement has been ignored. It has been held by this court that the insertion of a copy of a purported assignment of errors in the printed abstract is no compliance with the rule, and for failure to observe the rule the appeal will be dismissed. *Lyon* v. *Mauss,* 31 Utah 283, 87 P. 1014.

Appeal dismissed; costs to respondent.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.