## UTAH IDAHO DEVELOPMENT CO. v. JENSEN et ux.

No. 5149. Decided May 13, 1933. (21 P. [2d] 1109)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellants.

*Cheney, Jensen & Marr* and *C. W. Wilkins,* all of Salt Lake City, for respondent.

MOFFAT, Justice.

November 7, 1925, plaintiff brought an action against the defendants in the state of Idaho upon foreclosure of a mortgage. A decree was entered, the property sold, and a deficiency judgment entered upon the sheriff's return by the clerk of the court as provided in the decree.

This suit is to recover upon that judgment. An answer pleading settlement and a counterclaim charging wrongful conversion of water stock were filed. The case was tried to the court sitting without a jury, and judgment rendered for the plaintiff. Defendants appeal. We are met by three motions to dismiss the appeal. In view of the situation, it is not necessary to further state the issues. Respondent moves to dismiss appellants' appeal on the ground: (1) That the transcript of the record was not filed in the Supreme Court within 30 days after the appeal was perfected, nor within any further time given by the court, or a justice thereof as required by Comp. Laws Utah 1917, § 7009, and rules 2 and 3 of this court; (2) that neither the abstract nor the assignments of error were filed within the time required by rules 6, 9, and 26 of this court, nor within any valid extension thereof; and (3) that appellants failed to file briefs

as prescribed by the rules of this court. We need not discuss the second and third grounds of the motion, for the reason the identical delinquency complained of by respondent on the first ground for dismissal has been determined in a number of cases by this court. Comp. Laws Utah 1917, § 7009, reads:

"If the appellant shall fail to cause such papers to be transmitted and filed in the supreme court within thirty days after the perfecting of the appeal, the appeal may be dismissed on motion of the respondent."

So much of rule 2 of this court as applies to the filing of the transcript on appeal provides:

"In all cases where an appeal shall be perfected, a transcript of the record shall be filed in this court within thirty days after such appeal shall have been perfected, unless further time is granted by the court, or a justice thereof, on good cause shown by affidavit."

And rule 3 provides:

"If the transcript be not filed within the time prescribed or allowed, the appeal may be dismissed on motion during the first week of the term without notice, and at any time afterwards upon notice. A cause so dismissed without notice may be restored during the same term on notice of five days to the adverse party, for good cause shown, but unless so restored the dismissal shall be final."

Notice of motion to dismiss was duly served and filed. The motion is argued at length and authorities cited in respondent's brief. No cause is shown, and no reply is made by appellants to respondent's motion. An affidavit was filed by counsel for appellants asking to have the transcript filed as of the 13th day of March, 1931. The record discloses that March 13th is the day the transcript was filed in this court. It also appears from the record that the bill of exceptions was settled on the 10th day of December, 1930. The notice of and undertaking on appeal (appeal perfected) were filed with the clerk of the trial court on the 15th day of January, 1931, and the certified transcript was delivered to appellants' counsel for filing in the Supreme Court on the

9th day of February, 1931, or 5 days before the time it should have been filed in this court. The transcript was held by counsel and not filed until March 13th, or 27 days after the time for filing had expired. No extension of time was asked or granted, and, when the motion to dismiss was interposed, appellants submitted an affidavit of counsel stating in substance that affiant was otherwise engaged and inadvertently failed, and knew of no reason for an early hearing. The affidavit offers no sufficient cause or excuse, in fact, if the motion made were granted, it would not constitute relief. The relief asked by appellant was to file the transcript nunc pro tunc, as of March 13, 1931. This is the date the transcript was actually filed.

Proper and just rules of procedure, religiously adhered to, are necessary. Expedition in the disposition of the work of the courts can only be accomplished by application of the limitations provided by law and the rules of the courts made in pursuance thereof.

"There are certain rules of procedure and of limitation touching appeals that must be enforced more or less rigorously for the purpose of establishing order in this court, and for the additional purposes of compelling progress in litigation and relieving interested parties from uncertainty and anxiety." *Gee* v. *Smith*, 52 Utah 602, 176 P. 620.

The statute and the rules invoked by respondent's motion to dismiss belong to this class. It may further be said as in substance it was said in the case just cited that, had an application for an extension of time been made, within which to file the transcript, in advance of the expiration of the time limited by the statute and rules of the court, to any justice of the court, and any reasonable cause for such extension shown, no doubt an extension would have been granted. It may be that, if the filing had been a few days late, and any reasonable and sufficient cause for the delay shown, relief may have been ganted, and the failure excused. Such is the rule. Such is likewise the spirit and purpose behind it. The various aspects thereof are illustrated and

applied in the following cases: *Howell* v. *Clark,* 16 Utah 410, 52 P. 631, 632, transcript filed 16 days after the 30 days had expired; no extension of time was given; the appeal was dismissed. *Butter* v. *Lamson,* 29 Utah 439, 82 P. 473, transcript filed 60 days after settlement after an unexplained 45 days after it was obtained. *Gee* v. *Smith,* supra, transcript filed in time, fee not paid for 3 months and 7 days thereafter, held transcript not filed till fee was paid; appeal dismissed. *Swetin* v. *Magleby,* 54 Utah 260, 180 P. 177, appeal perfected April 25, 1918, transcript filed October 19, 1918, time elapsed nearly 6 months; appeal dismissed. *Zion's Savings Bank & Trust Co.* v. *Spratley,* 61 Utah 502, 214 P. 1119. Section 7009, Comp. Laws Utah 1917, and rules 2 and 3 of the Supreme Court referred to and appeal dismissed; transcript 5 months and 2 days late. *American Trust Co. of St. Louis* v. *Millard County Drainage Dist. No. 3,* 75 Utah 309, 284 P. 1000, transcript filed 69 days after expiration of 30-day period had expired for perfecting of appeal; statutes and cases cited; appeal dismissed.

While the rule is different in criminal cases as to the time allowed and as to what constitutes the perfecting of an appeal, the cases of *State* v. *Grisolio,* 49 Utah 195, 162 P. 613, and *State* v. *Marasco* (Utah) 17 P. (2d) 919, discuss the principles, and the latter case points out a necessary modification of rule 2 of this court in so far as it applies to criminal cases.

It is clear that the appellants have not complied with the rules of this court nor with the statute in presenting their appeal to this court, and, having offered no reasonable excuse for not having done so, the respondent also having maintained prejudice thereby, the motion to dismiss the appeal should be granted and the appeal dismissed. Such is the order. Costs to respondent.

FOLLAND, J., concurs.

ELIAS HANSEN, J., concurs in result.

STRAUP, Chief Justice (concurring).

Since the filing of a transcript of the record on appeal within the time prescribed by the statute is not jurisdictional, had the appellants on the hearing of the motion to dismiss shown excusable neglect or reasonable excuse or inadvertence for the delay and no substantial prejudice resulting to the respondent, we in our discretion could have relieved the appellants from their default and permitted the belated filing of the record to stand. But no such showing was made. I therefore concur in the judgment of dismissal.

EPHRAIM HANSON, Justice (concurring).

I concur in dismissing the appeal, but not upon the ground stated in the opinion by Mr. Justice MOFFAT. The appeal was taken January 15, 1931, and the transcript should have been filed in this court within 30 days thereafter, or not later than February 14th. It was filed March 13th, which was 27 days after the expiration of the 30-day period.

The time in which the transcript is to be filed is not jurisdictional. *Robinson* v. *U. P. R. R. Co.*, 70 Utah 441, 261 P. 9; *Obradovich* v. *Walker Bros. Bankers* (Utah) 16 P. (2d) 212. In this instance the failure to file in due time does not appear to have resulted in any prejudice. Under the rules of this court, the appellant has 15 days after the filing of the transcript in which to serve and file his assignments of error and abstract of record, and no case may be heard at any term, unless the abstract be filed at least 20 days before the commencement of the term. Had the case taken its regular course after March 13th when the transcript was filed, it would have been heard during the following May term, the same as if filed on or before February 14th. Thus the mere delay in filing the transcript does not appear to have worked any prejudice.

On a similar motion to dismiss, it was said by this court:

"The objections that the transcript is not prepared in strict conformity with the rules of this court, and that the abstract and brief were served and filed a few days after the time when they should

have been filed, are merely technical, and have, so far as appears, in no way affected the plaintiff in his rights, nor in any manner interfered with the regular and orderly proceedings of this court. The right to be heard on appeal in this court is not only a substantial, but a valuable right. We are not disposed to deprive a party of this right upon mere matters of form or proctice, where no matter of substance has been disregarded and no material prejudice results to the opposite party or other litigant in this court." *Lyon* v. *Mauss*, 31 Utah 283, 87 P. 1014, 1015. See, also, *Price* v. *Western L. & S. Co.*, 35 Utah 379, 100 P. 677, 19 Ann. Cas. 589.

In each of the cases referred to in the prevailing opinion where the appeal was dismissed, the motion to dismiss was promptly made at the term next following the filing of the transcript, and in each, except *Howell* v. *Clark*, was the default much greater than in the instant case, and of necessity resulted in delaying the hearing of the case on appeal. In *Howell* v. *Clark*, where there was a default of but 16 days in filing the transcript, the motion to dismiss was made at the first day of the term following the filing of the transcript, and the court said:

"It does not appear when plaintiff's counsel first learned the transcript had not been filed in time. As soon as they learned of it, they should have informed the defendants' counsel, so that the expense of preparing abstracts and briefs might be avoided."

In the instant case the motion to dismiss was not made at the term next following the filing of the transcript, and not until October 20th, which was more than 8 months after appellant's default in filing the transcript and more than 7 months after the transcript was in fact filed in this court. In the meantime, the appellant had proceeded with the preparation and printing of a 95-page abstract, and thereby incurred the cost of printing the same. In my opinion, a respondent who seeks to dismiss an appeal because of some default of the appellant which does not go to the jurisdiction of the appellate court ought in fairness move with reasonable promptness in such particular so that appellant would

not by respondent's delay in such respect be suffered to expend such costs.

Nor was the appellant in default in filing his assignments of error and abstract. The assignments of error were filed June 25, 1931, and the abstract September 19th, both long after the time prescribed by rule, but the appellant had on March 17th, May 1st, June 1st, and June 25th obtained orders extending his time for filing assignments and abstracts to the first days of April, May, June, July, and August, respectively, and on August 1st, September 1st, and September 10th, further orders extending the time for filing abstract to September 1st, 10th and 20th, respectively. True, the orders of May 1st, September 1st, and September 10th were not filed until the following day when the extension previously granted had expired, but an extension of time granted before, but not filed until after, the expiration of the time limit, is valid. *Elliot* v. *Whitmore*, 10 Utah 253, 37 P. 463.

These extensions were each granted on ex parte application and not on notice as required by the rules. However, no motion was made to vacate either of them, the appellant was entitled to rely on them, and the assignments and abstract filed within the time as thus extended were in due time.

The term of court at which this case was heard commenced October 13th. The rules require an appellant to serve his brief upon respondent at least 15 days prior to the commencement of the term. A typewritten copy of appellant's proposed brief was served upon respondent October 15th, 2 days after the commencement of the term, and the printed brief was filed October 21st. I think the appeal should not be dismissed on account of appellant's failure to file the transcript in due time, where, as here, such delay in itself did not interfere with the regular and orderly procedure in this court and does not appear to have resulted in any prejudice to respondent, and where the respondent did not seasonably move to dismiss the appeal on that ground. Nor may

it be dismissed on account of his delay in filing his assignment and abstract, where, as here, he has by numerous extensions preserved the time for filing the same, unreasonable though the delay may appear. But I do believe that an appellant who has by such extension of time delayed the hearing to the extent shown upon the record is entitled to no further indulgence, and, having failed to serve and file his brief within even approximately the time prescribed, he is not entitled to be heard upon his appeal.